Filed Nov. 15, 1884.

———————◆———————

No. 11,710.

BOARD OF COMMISSIONERS OF CARROLL COUNTY v. GRAHAM.

COUNTY COMMISSIONERS.—*Claims.*—*Pleading.*—A claim filed for allowance before a county board, which contains enough to inform the board of the nature of the claim, is sufficient.

SAME.—*Refunding Taxes.*—That the assessment of taxes paid have been made by the wrong officer is not enough to give a right to have them refunded under section 5813, R. S. 1881, but it must also appear that the taxes were not legally or equitably owing.

SAME.—*Tax Assessment.*—*Voluntary Payment.*—*Mistake.*—*Estoppel.*—*Pledge.* —Where a taxpayer consents that his assessment may be increased by the treasurer by the addition of personal property not listed, he can not, after paying such additional taxes, claim to have them refunded upon the ground that the property should have been listed against a pledgee, who held it in possession.

From the Carroll Circuit Court.

J. C. Odell, J. Applegate and C. R. Pollard, for appellant.
L. D. Boyd, N. J. Boyd and L. B. Sims, for appellee.

ELLIOTT, C. J.—The appellees presented a claim to the board of commissioners for taxes paid upon alleged illegal assessments. The claim was not allowed, and an appeal was taken to the circuit court.

There is no force in the contention that there is no right of appeal from the decision of the commissioners. The statute is so plain, and the question so thoroughly settled, that discussion would be idle. Very liberal rules of pleading prevail in the commissioners' court, and under these rules

the complaint before us must be upheld.   *Board, etc., v. Ritter,* 90 Ind. 362 ; *Board, etc., v. Dombke,* 94 Ind. 72.   There is enough in it to inform the appellant of the nature of the claim urged by the claimant, and that is all that is necessary.

The fact that the assessments which the appellee paid were made by the wrong officer does not of itself entitle her to a recovery.   If it were not for the statute, money voluntarily paid under a mistake of law could not be recovered, but the statute does provide for the refunding of taxes in certain cases.   In order, however, to bring a case within the statute, it is not enough to show that the taxes were irregularly assessed ; it must be made to appear that they were not legally or equitably owing.   *Durham v. Board, etc.,* 95 Ind. 182 ; *Board, etc., v. Armstrong,* 91 Ind. 528.   The appellee was not entitled to recover upon evidence that special assessments were made by the treasurer.   Something more than this the law required her to prove.

The property upon which the taxes were assessed consisted of mortgage securities amounting to eight thousand two hundred dollars, upon which the appellee had, as she testified, borrowed two thousand dollars.   It is claimed that as the mortgages were pledged as collateral security, the taxes should have been assessed against the creditor in whose hands they were deposited.   This claim is based upon the provision of the statute which declares that where personal property is pledged "it shall, for the purposes of taxation, be deemed the property of the party who has the same in possession." It will be observed that this statute does not profess to relieve the property from the burden of taxation.   It simply provides that it shall be listed against the person who has it in possession.   It may well be doubted, therefore, whether in any case the owner, having paid the taxes, can recover them, for the property was really subject to taxation, and the listing to the owner instead of to the pledgee was, at most, a mere irregularity.   The taxes were chargeable upon the property, and constituted a burden which the owner, and not the creditor,

must ultimately bear. It is also doubtful whether the statute to which we have referred applies at all to choses in action. But, resolving both of these doubts in favor of the appellee, it is still quite clear that under the case made by the evidence she is not entitled to recover by force of the statutory provision under immediate mention. The evidence shows that the mortgages were executed to her, and appeared of record to be owned and held by her; that they were not mentioned in any list made out by her; that on discovery that there had been no assessment levied on the mortgages, the treasurer notified the appellee; that she came to his office, and without any objection from her, or any notification that she had pledged the mortgages as collateral security, the amount was placed on the duplicates, and the taxes voluntarily paid by her. It would be inequitable to permit an owner of property to so conduct himself as to create the belief that he was in possession of the property of which he was in fact and in appearance the owner, and, after it had been assessed to him, relieve the property and himself from the burden by asserting that it was, at the time of the assessment, pledged as a security for a debt. The public officers had a right to act upon the appearances created by the conduct of the appellee, and she can not recover taxes paid upon her own property and legally chargeable against it, upon the ground that what her conduct indicated as existing did not in fact exist.

The appellee contends that if the judgment can not be supported upon the theory just discussed, it can be supported upon the ground that she did return all of her property for taxation, including the mortgages upon which the special assessment was based, but that she deducted her *bona fide* indebtedness, leaving the amount upon which she was legally liable to be taxed. Upon the authority of *Matter* v. *Campbell*, 71 Ind. 512, it must be held that she did have a right to deduct her indebtedness from money loaned by her. The lists which she made do not give any statement of money loaned, but they do contain an item of money on deposit sub-

ject to order or draft, amounting to $4,000. It is doubtful whether she was not bound to claim the deduction at the time she made her sworn statement to the assessor, and to this doubt is added that created by her conduct in agreeing that the amount of the mortgages should be added to her taxable property. But as this phase of the case has not been very carefully argued, we deem it best not to decide these questions. Conceding, however, that she did not preclude herself from asserting her right to a deduction, the finding and judgment can not be supported, for the evidence shows that her indebtedness was not more than twenty or twenty-one hundred dollars, so that even upon her counsel's theory she ought to be charged with at least two thousand dollars more of taxable property than her lists show. If there was a mistake, and she has a right to avail herself of it, it is incumbent upon her, in view of the facts disclosed by the evidence, to show the character and extent of the mistake, and not leave the matter to mere conjecture. It is clear that on her own theory she recovered much more than she was entitled to do, and for this reason we reverse the judgment, and direct a new trial, leaving these other questions undecided until we can have the assistance of a more full discussion. Judgment reversed.

Filed Nov. 15, 1884.