No. 11,457.

## The State, ex rel. Lowe, *v.* Laughlin, Auditor.

Railroad.—*Township Tax in Aid of Construction.*—*Suspension of Collection.*—*Power of County Board.*—*Auditor and Treasurer.*—Where a township tax to aid in the construction of a railroad has been duly levied and placed upon the tax duplicate for collection, the board of commissioners of the county has no power, under section 4069, R. S. 1881, or any other statute of this State, to make an order directing the county auditor and treasurer to suspend the collection of such tax, and such order, if made, is null and void for any purpose.

From the Bartholomew Circuit Court.

*F. Winter,* for appellant.

*G. W. Cooper, N. R. Keyes* and *S. Stansifer,* for appellee.

Howk, J.—On the verified complaint of the appellant's relator, an alternative writ of mandate was issued in this cause, directed to the appellee as the auditor of Bartholomew county. The appellee demurred to the alternative writ upon the ground that it did not state facts sufficient to constitute a cause of action. This demurrer was sustained by the court; and the relator declining to amend or plead further, judgment was rendered against him for appellee's costs.

The relator has appealed to this court and has assigned as error the decision of the circuit court in sustaining appellee's demurrer to the alternative writ of mandate.

It was alleged in substance, in the alternative writ of mandate, that on the 14th day of March, 1882, a petition signed by twenty-five or more freeholders of Columbus township, in Bartholomew county, of whom the relator was one, was presented to the board of commissioners of said county, asking that said Columbus township should aid in the construction of the Columbus, Hope and Greensburg Railroad, by taking stock therein to the amount of seventy thousand dollars; that said board took said petition under advisement and thereupon ordered that an election be held in said township to determine whether such aid should be extended to said railroad; that said election was held on the 22d day of April, 1882, and resulted in favor of such aid being extended; that thereafter, on the 12th day of June, 1882, at their regular June session, the board of commissioners of said county ordered that a tax of one per centum be levied on the taxable property of said Columbus township for the year 1882, to aid in the construction of said railroad by said township taking stock therein according to the prayer of said petition; that thereafter the auditor of said county prepared the tax duplicate of said county for the year 1882, and placed thereon, as against the taxpayers of Columbus township, as part of the taxes to be paid by them for said year, the said levy of one per centum so made by said board of commissioners, for the purpose of aiding in the construction of said railroad, which said levy amounted to the sum of $36,850.50, and said duplicate containing said tax was thereupon delivered to the treasurer of said county, to be collected in regular course, and it thereupon became the duty of the treasurer to collect one-half of said amount on or before the 3d Monday of April, 1883, and the other half on or before the 1st Monday of November, 1883; but that thereafter on the 3d day of March, 1883, upon a petition filed by certain voters and taxpayers of said Columbus township, the board of commissioners of said county, without notice to the relator or any of the petitioners for the extension of aid to such railroad, assumed to and did order

that "the auditor and treasurer of said county be authorized, according to the acts of 1873 and in force March 11th, 1875, to suspend the collection of taxes levied by said board at their June session, 1882, in Columbus township, to aid in the construction of said railroad, until said company has expended an amount of money in the actual construction of said railroad in Columbus township, as required by section 4069 of R. S. 1881," and it was further ordered that the auditor place the said railroad tax separately on the tax duplicate of Columbus township, and carry the same forward on the duplicate until further ordered by the board; and that thereupon the then auditor of said county, pursuant to said order, deducted the amount of said railroad tax from the tax duplicate of said Columbus township and left no part thereof in the hands of said treasurer for collection, and in consequence no part of the same has been collected.

Thereafter, at its regular June session, 1883, said board of commissioners ordered that a tax of one per centum upon the taxable property of Columbus township for the year 1883, be levied for said year 1883, being the remaining one-half of said sum of $70,000 voted by said township to aid in the construction of said railroad.

That said board of commissioners, at their September session, 1883, ordered that their aforesaid order of March 3d, 1883, should be cancelled and rescinded, and that the tax referred to in said order should stand for collection as though said order had never been made, except that all acts and proceedings done under said order should be valid, and also that it was not intended by said order to vary or change the proceedings of the auditor and treasurer in suspending the collection of said tax until said road is permanently located and work done by said railroad company as required by law.

It was further shown that said railroad had been permanently located in said Columbus township long before the time when the auditor of the county placed the instalment of the tax levied for the year 1882 upon the tax duplicate of

said county for said year 1882, and that said railroad was so located, and in process of actual construction in good faith, when said tax was so as aforesaid ordered to be suspended by the board of commissioners, and in pursuance thereof withdrawn from collection by said county auditor. It is further shown that the railroad company had diligently proceeded in the construction of said railroad upon the line of its permanent location, and theretofore, on the 10th day of December, 1883, had completed and fully constructed said railroad throughout its entire length, from the city of Greensburg, in Decatur county, by way of the town of Hope, in Bartholomew county, to the city of Columbus, in said Columbus township, Bartholomew county, so that the same then was, and ever since has been, ready for use, and that trains of cars had passed and could pass over the entire length thereof, and that in and about such construction thereof said railroad company had expended upon the part of said railroad in Bartholomew county a sum of money largely in excess of the sums of money voted by Columbus township and other townships of said county to aid in the construction of said railroad, and that by reason of said facts it was the duty of the auditor of said county to place upon the tax duplicate of said county for the year 1883, the said instalment of the tax voted in aid of said railroad, which had been levied upon the taxable property of said Columbus township for the year 1882, and which had, as aforesaid, been withdrawn from collection, as well as the instalment of said tax which had been levied as before stated for the year 1883, and to include both said instalments in the amount of taxes to be collected by the treasurer of said county upon the tax duplicate for the year 1883; that the relator, on the 20th day of December, 1883, notified the appellee Laughlin, who was the auditor of said county, that he was a freeholder and taxpayer of said Columbus township, and one of the petitioners for the extension of aid to said railroad, and that said railroad had been and then was fully constructed and ready for use throughout its entire length, and that in

such construction there had been expended in Bartholomew county a sum in excess of the aid voted by said township, and thereupon demanded of said Laughlin that as auditor of said county he should place both said instalments of tax upon the duplicate of said county for the year 1883, and deliver the same to the treasurer of the county for collection.

It is shown that said auditor declared that he would not enter upon the tax duplicate for said year 1883 any part whatever of the tax so levied in aid of said railroad for the year 1882, and which had, as aforesaid, been withdrawn from collection, as a tax to be collected as other taxes upon said duplicate, but that he would enter the same upon said duplicate in a separate column as a tax, the collection of which had been suspended, and which was to be carried forward upon the duplicate without collection until its collection should be ordered by the board of commissioners of said county.

It is further shown that said auditor has nearly completed said tax duplicate, and that while he has entered thereon, and extended as a tax to be collected in ordinary course, the one-half of said tax levied by the board of commissioners at their June session, 1883, and declares that he knows of no reason why the same should not be collected, he has placed the instalment of the tax levied at the June session, 1882, in a separate column, and stated upon the duplicate that it was a suspended tax, which was not now to be collected.

The mandate of the writ was that the auditor should place upon the tax duplicate for the year 1883 the entire amount of the instalment of said tax levied at the June session, 1882, and extend the same as against the taxpayers of said Columbus township as a tax to be collected from them by the treasurer of said county in ordinary course, and that in so doing he omit any and all statements that said instalment of tax had been suspended or was not to be collected, or that failing so to do he should show cause why the court should not award against him its peremptory writ of mandate.

The validity of the railroad aid tax, mentioned in the alternative writ, is in no manner called in question in the case at bar.   We may properly say, however, that all questions in relation to the validity of such tax were settled, in favor of the tax, by the opinion and judgment of this court, in *Irwin* v. *Lowe*, 89 Ind. 540.

The first question discussed by the relator's counsel, in his brief of this cause, relates to the alleged invalidity of the order of the board of commissioners of Bartholomew county, made on the 3d day of March, 1883.   This order authorized the county auditor and county treasurer to suspend the collection of the railroad aid tax, theretofore levied by the county board and then upon the tax duplicate for collection, until the railroad company had expended an amount of money in the actual construction of the railroad in Columbus township, as required by section 4069, R. S. 1881.   It is earnestly insisted by the relator's counsel, that the section of the statute, invoked by the county board, did not authorize the board to make such an order, and did not authorize the auditor and treasurer of the county, with or without such an order of the board, to suspend the collection of the railroad aid tax theretofore levied and then on the tax duplicate for collection.   In support of his position, the learned counsel has vigorously assailed such section of the statute, upon the ground that by its phraseology and grammatical construction, the section was not intended to apply to cases where stock might be taken, or donations might be made, by any township after the section took effect and became a law, on the 11th day of March, 1875.   We do not find it necessary to consider and decide this point in the case now before us, and therefore we express no opinion in regard to it.

It is clear to our minds that upon the facts stated in the alternative writ of mandate, admitted to be true as the case is now presented, the action and orders of the board of commissioners, in attempting to suspend the collection of the

railroad aid tax, levied in June, 1882, and placed upon the tax duplicate for collection, and the action of the county auditor under such orders, were wholly unauthorized by the provisions of section 4069, or of any law of this State in force at the time, and were therefore null and void for any purpose. The collection of the taxes levied in June, 1882, in aid of the railroad, and placed upon the tax duplicate, was not lawfully suspended; and if, from any cause, such taxes or any part thereof were not paid by the taxpayers, or any of them, at the times fixed by law for the payment of taxes, they became delinquent as other taxes, by reason of such non-payment, and ought to have been carried forward and charged, as delinquent taxes, upon the tax duplicate of the next succeeding year for collection. It is shown by the alternative writ that the taxes were levied by the county board in strict conformity with the provisions of section 4056, R. S. 1881, in force since May 12th, 1869, to wit: "One per centum upon the real and personal property in the township," in June, 1882, and the residue thereof at the June session of the following year. There is no statutory provision which prohibits the collection of both the instalments of taxes, in one and the same year, where, as in this case, the taxes were levied in conformity with the statute, but the first instalment was not collected at the time it ought to have been collected.

We are of opinion, therefore, that the court clearly erred in sustaining the appellee's demurrer to the alternative writ of mandate.

The judgment is reversed with costs, and the cause is remanded with instructions to overrule the demurrer to the alternative writ, and for further proceedings not inconsistent with this opinion.

Filed March 14, 1885.