Filed Feb. 20, 1889.

No. 13,396.

THE BOARD OF COMMISSIONERS OF PULASKI COUNTY *v.* SENN.

TAXES.— *Wrongful Assessment.—Increase of Valuation by Auditor.—Refunding.*
—A county auditor has no power to increase the valuation of lands for purposes of taxation as fixed by the assessor and the county board of equalization, and his action in doing so constitutes such a wrongful assessment, within the meaning of section 5813, R. S. 1881, as entitles a taxpayer to have the excess of taxes paid by him thereunder refunded.

SAME.— *Valuation by Assessor and Board of Equalization Conclusive.*—The valuation placed upon lands by the assessor and the board of equalization, even if too small, is conclusive upon the auditor and all other persons, until changed in some manner expressly authorized by law.

From the Pulaski Circuit Court.

*J. C. Nye* and *R. A. Nye,* for appellant.
*N. L. Agnew* and *B. Borders,* for appellee.

MITCHELL, J.—Senn presented a statement in the nature
of a complaint to the board of commissioners of Pulaski
county, in which he showed that, in the year 1880, he was
the owner of certain real estate in Indian Creek township,
Pulaski county, which the township assessor duly appraised
and returned for purposes of taxation, as required by law.
It is averred that, after the return of the appraisement so
made, the county board of equalization, convened for the
year 1880, added fifteen per cent. to the valuation of all the
lands in that township, as made and returned by the assessor,
and that the valuation so made, with the per cent. added,
constituted the basis for the taxation of lands in Indian
Creek township for the years 1880 to 1885 inclusive.

It is alleged that, after the action and adjournment of the
board of equalization, the county auditor, wholly without
authority, wrongfully and illegally increased the valuation
and appraisement of all the lands in Indian Creek township,
including those owned by the petitioner, and that he placed
the increased valuation and assessment, so wrongfully made,
upon the tax duplicate, and caused the county treasurer to
collect taxes from the petitioner, on his land, on the basis
of the assessment so wrongfully made by the auditor, for
every year, except one, from 1880 to 1885 inclusive. The
petitioner avers that he had paid all the taxes chargeable
against his property according to the assessment lawfully
made and equalized, and he appended a table or list showing
the amount paid to each fund on account of the alleged
wrongful assessment made by the auditor. He also averred
that the assessment made by the auditor had been duly ad-
judged and declared, in a proper proceeding theretofore in-
stituted in the Pulaski Circuit Court, illegal and wrongful.
He asked that the amount paid by him in excess of that re-
quired by the assessment made by the township assessor, and

fixed by the board of equalization, be refunded to him. He had judgment in the circuit court according to the prayer of his petition.

It is contended that the claim thus presented does not state facts sufficient to entitle the petitioner to any relief, and that the court erred in overruling the demurrer which was filed in the circuit court after the cause had been taken there by appeal from the order of the board refusing to allow the claim.

The claim was presented under the provisions of section 5813, R. S. 1881, which make it the duty of the board of commissioners of any county in this State, when any person or corporation shall appear and establish by proper proof that he or it has paid any amount of taxes which were wrongfully assessed, to refund the same out of the county treasury, so far as they were assessed and paid for county taxes.

The succeeding section prescribes the duty of the board, and other officers, in case the taxes so paid have been paid into the State treasury.

Accepting as true the elementary proposition, that one who relies upon a statute for a right of action must make a case distinctly within its terms, we are nevertheless of the opinion that the facts set out in the petition make a case which falls clearly within the terms of the statute.

There is no claim that the auditor had any color of authority to add to the valuation put upon the real estate in Indian Creek township by the assessor and board of equalization. His unauthorized interference with the assessment, as lawfully made, after the board of equalization had adjourned, was, therefore, not only unlawful and irregular, but it was wrongful within the meaning of the statute, as it has been construed by the decisions of this court. *Board, etc., v. Armstrong,* 91 Ind. 528; *Durham v. Board, etc.,* 95 Ind. 182; *Board, etc., v. Murphy,* 100 Ind. 570.

When the assessor, and after him the board of equalization, had adjusted the fair cash valuation of the lands, the

judgment thus arrived at was conclusive upon the county auditor, and all others, and could only be changed by some proceeding expressly authorized and prescribed by law.

In cases like the present, the board of equalization has authority to act, and its action is binding within the ruling in *Kuntz* v. *Sumption, ante,* p. 1.

In the absence of any authority vested in the auditor to raise the valuation, it became his duty to carry the amounts thus assessed against each tract of land on to the tax duplicate, without alteration or change. The case falls within the principles which ruled *Newsom* v. *Board, etc.,* 92 Ind. 229 ; see, also, *City of Indianapolis* v. *Vajen,* 111 Ind. 240, and cases cited.

At the trial the appellant offered evidence tending to show that the valuation placed upon the land by the auditor, and upon the basis of which the petitioner paid his taxes, was less than the actual cash value of the land. This evidence was correctly excluded by the court. It is true the statute required the land to be assessed at its real value, but it is also true that it appointed certain officers upon whom was devolved the duty of ascertaining, fixing and equalizing the value. The valuation as fixed by the officers designated for that purpose, acting under the sanction of their official oaths, must be regarded as conclusive, until it is changed by a method prescribed by law. *Wattles* v. *City of Lapeer,* 40 Mich. 624, is not opposed to the conclusion above stated.

That the court admitted in evidence the complaint, together with the record of the proceedings and judgment of the Pulaski Circuit Court, in a case instituted by another resident taxpayer of Indian Creek township, challenging the legality of the same assessment made by the auditor, did not constitute error of which the appellant can complain. The material facts were all admitted of record, and a correct result was reached on the facts thus admitted.

The judgment is therefore affirmed, with costs.

Filed Feb. 20, 1889.