# Nyce *v.* Schmoll, Treasurer, et al.

### [No. 6,358. Filed November 22, 1907.]

1. PLEADING.—*Complaint.*—*Injunction.*—*Taxation.*—A complaint to enjoin the collection of taxes must allege either that the property in question was not subject to taxation or that the taxes have been paid. p. 558.
2. TAXATION.—*Discharge.*—Payment only will discharge taxes. p. 558.
3. SAME.—*Credits.*—*Bills and Notes.*—*Situs.*—*Principal and Agent.* —Credits, notes and money in the hands of an agent, are taxable, under §8421 Burns 1905, cl. 7, Acts 1903, p. 49, §30, at the place of residence of such agent. p. 558.

4. TAXATION.—*Recovery.*—Taxes voluntarily paid in the wrong township cannot be recovered. p. 559.

5. INJUNCTION.—*Taxes.*—*Collection of.*—Injunction lies to prevent the collection of taxes assessed against property on which the taxes have been paid. p. 559.

From Miami Circuit Court; *Joseph N. Tillett,* Judge.

Suit by Harry Nyce against Andrew Schmoll, as city treasurer of the city of Peru, and another. From a decree for defendants, plaintiff appeals. *Reversed.*

*Loveland & Loveland,* for appellant.

*Cox, Reasoner & Ward,* and *H. H. Haag,* for appellees.

WATSON, P. J.—This is a suit to enjoin the collection of taxes, alleged to have been illegally assessed against appellant, and extended upon the tax duplicate of the city of Peru, upon certain rights, credits, and choses in action, together with some money, for a period of ten years, beginning with 1894 and ending with 1903.

The question is as to the sufficiency of the complaint, which alleges that appellant is a resident of the city of Peru, Miami county, Indiana; that he owns certain personal property, in the form of notes, mortgages, and other securities, which is located in Fugit township, Decatur county, Indiana, and is committed to the control and management of an agent residing therein; that the business of controlling and managing said personal property is distinct from all other business; that appellant never participated in, supervised, nor in any manner controlled, the management of said business; that, upon the death of appellant's mother, Orlando Hamilton was, by the Decatur Circuit Court, appointed the guardian of this appellant and his brothers; that thereupon, as such guardian, he sold real estate in Cleveland, Ohio, realizing thereon about $20,000, and transferred the proceeds of the same and of other property to said Fugit township, and, after the division of said estate, continued, as such guardian, to invest and loan, manage and control, the appellant's share of said estate, and continued such loans and in-

vestments in said Fugit township, throughout appellant's minority; that when appellant attained his majority, and at the termination of said guardianship, he appointed and continued said Hamilton, as such agent, with the possession and control of all his moneys and securities; that he never, throughout the period of such agency, withdrew from the hands of such agent, or from his supervision, control and management in said Fugit township any of said money, notes, choses in action, or property whatever, excepting only such sums as, from time to time, appellant desired for personal use; that all moneys, property, rights, credits, and choses in action of appellant, in the hands of said agent, have been listed for taxation, and the taxes paid in said Fugit township; that since the year 1894 he has been assessed in Peru and has invariably reported that he owned and had such property in the hands of such agent in said county, and that in most instances he indorsed such statements on the assessment sheets in Peru; that on March 17, 1904, appellant was notified to show cause why such personal property should not be listed for taxation in the city of Peru, for the period beginning with 1894 and ending with 1903, or the same be listed and the taxes collected as the law provides; that at the request of appellant the treasurer of such city promised to take no further steps in the matter before a second notice; that said personal property was placed on the assessment list without such second notice, and appellant was notified to pay said tax within ten days or suffer a sale of his property; that under no construction can appellant be assessed for the year 1894, since in that year he did not become a resident of Peru until after June 1, the last day upon which property may be listed for taxation. The prayer is that said assessment be set aside and canceled; that the city treasurer be enjoined from collecting the tax; that the city clerk be enjoined from extending the same upon the tax duplicate, and that such as have been entered be expunged therefrom; that a restraining order be issued.

This action being in equity, in order to enjoin the collection of taxes it must be alleged and proved either that the property, upon which said taxes are assessed, is not subject to taxation, or that said taxes have been paid. *McCrory* v. *O'Keefe* (1904), 162 Ind. 534; *Crowder* v. *Riggs* (1899), 153 Ind. 158; 1 High, Injunctions (4th ed.), §497.

It has been said frequently in this State that the way to discharge a tax is to pay it. *Fell* v. *West* (1905), 35 Ind. App. 20; *Cullop* v. *City of Vincennes* (1905), 34 Ind. App. 667; *Rinard* v. *Nordyke* (1881), 76 Ind. 130; *Beard* v. *Allen* (1895), 141 Ind. 243. It follows logically therefrom that ''the property owner who pays once in good faith is thereby discharged.'' In the case of *Beard* v. *Allen, supra,* Jordan, J., said: ''Nothing short of the payment of the taxes, interest and penalties can serve to discharge or release the property of the owner charged therewith from the liability imposed by the statute.''

The averments of the complaint negative any element of fraud. Appellant owned the securities in question. They were under the exclusive control of an agent, and were located in a county apart from that of appellant's domicile. Said securities were all listed by such agent and the taxes paid thereon. Appellees were notified each year, during said period, that appellant owned such property, that the same was located in Decatur county, under the control of said agent, and that the taxes thereon were there assessed and paid. Section 8421 Burns 1905, cl. 7, Acts 1903, p. 49, §30, provides that personal property under the control of an agent may be assessed to the agent at his domicile. The statute authorizes property to be assessed as was done in this case. The appellant has complied in good faith therewith. The taxes have been paid, and, since they have been paid, the obligation has been discharged. The ground for the intervention of equity is thus established.

The tax paid in Decatur county cannot be recovered, for the reason that the payment was voluntarily made. *Simonson* v. *Town of West Harrison* (1892), 5 Ind. App. 4. 459; *Lima Tp.* v. *Jenks* (1863), 20 Ind. 301; *City of Indianapolis* v. *Vajen* (1887), 111 Ind. 240, 246; *Durham* v. *Board, etc.* (1884), 95 Ind. 182, 183, and cases cited.

Refusal to grant this injunction will, therefore, work an irreparable damage to appellant. He will be compelled to pay taxes on property which has been assessed and the taxes collected, without any available means of repairing the damage. This would be clearly inequitable. Appellant has done equity, and he is justly entitled to receive equity.

The judgment below is reversed at the cost of appellees, with instructions to the court to overrule the demurrers and for other proceedings not inconsistent with this opinion.

Comstock, C. J., Roby, Rabb and Hadley, JJ., concur.

Myers, J., not participating.