# Cincinnati, Richmond and Fort Wayne Railroad Company v. Wayne Township, Jay County.

[No. 8,082. Filed October 7, 1913. Rehearing denied February 20, 1914.]

1. Taxation.—*Recovery of Taxes Paid.—Voluntary Payment Under Protest.*—In the absence of statutory authority therefor, there can be no recovery of taxes voluntarily paid, even though paid under protest. p. 537.

2. Taxation.— *Recovery of Taxes Paid.— Complaint.— Excessive Tax.*—Where tax in aid of railroad construction was levied in excess of the amount authorized, a complaint for the recovery of the tax thus levied upon plaintiff's property, which proceeded on the theory that the entire tax was invalid, and averred that plaintiff had paid the entire amount on compulsion and under protest, was insufficient, even if a recovery of the amount in excess of the authorized amount could be had, in the absence of allegations that plaintiff offered to pay the portion represented by a correct per centum of levy, or that the officer threatened to levy and sell his property for such excess alone. *(DuBois v. Board, etc.* [1894], 10 Ind. App. 347; *Board, etc.* v. *Senn* [1889], 117 Ind. 410; and *Evansville, etc., R. Co.* v. *Hays* [1889], 118 Ind. 214, distinguished.) p. 537.

3. Taxation.—*Excessive Levy.—Validity.*—A levy for taxes in aid of railroad construction is not invalid from the fact that the per centum fixed will produce an amount in excess of the amount of taxes authorized, where such excess as to each taxpayer's property is so small as to come within the maxim *de minimis non curat lex*, and especially in view of the language of §9577 Burns 1908, Acts 1899 p. 117, which seems to contemplate that a levy of taxes in such cases may necessarily result in an excess fund. p. 539.

4. TAXATION.—*Recovery of Taxes Paid.—Statutes.—Sufficiency of Complaint.*—A complaint to recover from a township taxes paid by plaintiff in aid of railroad construction, which shows no demand of, or application to the board of county commissioners by claim or otherwise while such taxes were in the hands of the county treasurer, but which shows that the same were paid over to the township trustee, does not state a cause of action within the provisions of §6088 Burns 1908, §5813 R. S. 1881, authorizing the refund out of the county treasury of taxes wrongfully paid, so far as the same were assessed and paid for county taxes. p. 541.

5. TAXATION.—*Penalties for Nonpayment.—Statutes.—Tax in Aid of Railroads.*—Under §5476 Burns 1908, §4056 R. S. 1881, providing that taxes in aid of railroad construction are to be collected as other taxes are collected, the collection of the penalty for delinquency provided by §10321 Burns 1908, Acts 1897 p. 162, is authorized in case of delinquency in the payment of such tax. p. 541.

6. TAXATION.—*Penalties for Nonpayment.—Recovery of Penalties Paid.— Complaint.*— A penalty collected for delinquency in the payment of tax in aid of railroad construction, even if unauthorized, cannot be recovered on a complaint which does not show that the payment of such penalty was procured by fraud, or by mistake of fact, or that it was an involuntary payment within the meaning of the law. p. 543.

From Jay Circuit Court; *John F. LaFollette,* Judge.

Action by The Cincinnati, Richmond and Fort Wayne Railroad Company against Wayne Township, Jay County. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Roscoe D. Wheat,* for appellant.

*Charles E. Schwartz* and *John M. Smith,* for appellee.

HOTTEL, P. J.—This is an action brought by appellant in the court below to recover from the appellee, taxes and penalty which it had paid under protest on a railroad aid subsidy. The complaint is in two paragraphs, a demurrer to each of which was sustained.

The appellant stood on its complaint and appeals, and by proper assignment of error in this court presents the question of the ruling of the trial court on the demurrer to each paragraph of the complaint.

These paragraphs are lengthy and each avers, in detail, facts showing that the Cincinnati, Bluffton, etc., Railroad Company took the usual and necessary steps to procure an election in Wayne Township, Jay County, Indiana, which resulted in such township voting an appropriation of $54,500 to aid in the construction of such railroad and that the board of commissioners of said county at their regular June session, 1903, made an order (we quote from the complaint) "that the sum of $54,500 be levied upon the taxable property in said township, * * * the same not to exceed two per cent of the assessed valuation of all taxable property in said township, and the auditor of said county was directed to place the same upon the tax duplicate of said township for the years 1904 and 1905, to be collected as other taxes were collected in said county and state, one-half to be placed upon the duplicate of 1904 and one-half upon the duplicate of 1905"; that the total valuation of all the property in said township, including the city of Portland located therein, as shown by the tax duplicates of such township and city for the years 1904 and 1905 amounted to a sum total of $6,180,844. The other averments of the complaint, important for the purpose of determining the questions here involved, are in substance as follows: After the regular June session, 1904, of said board of commissioners, the auditor of said county, made and prepared a levy of one per cent for the purpose of raising said appropriation of $54,500 for the years 1904 and 1905 and certified the same to the treasurer of Jay County and placed said duplicates and said levy of taxes in the hands of the treasurer to be collected. Such levy so made by the auditor was erroneous, wrongful, excessive and illegal, in that it created a fund greatly in excess of the aid voted by the voters of said township and ordered by said board of commissioners. The appellant had property in said township valued for taxation in the year 1904 at $64,525, and valued for the year 1905 at $62,205, on which said auditor erroneously,

wrongfully, excessively and illegally levied a tax of one per cent and certified the same to the treasurer of said county, to be collected and applied to said appropriation. On August 3, 1908, the $54,500 aid voted said railroad company by said township, had been collected by the treasurer of said county and had been paid over and said aid so voted had been fully paid and satisfied. On December 11, 1909, the treasurer of Jay County, Indiana, demanded of appellant that it pay the one per cent of taxes so levied on its property in Wayne Township for the years 1904 and 1905 together with the interest and penalties which said treasurer had added and taxed thereto and "threatened, in the event the same was not paid, to levy upon the property of said plaintiff and to sell the same to pay and satisfy said taxes". To prevent such levy and sale, appellant, on June 15, 1910, paid said treasurer "under protest involuntarily and under duress" the sum of $2,788.10, the amount demanded by him to pay and satisfy said taxes, interest and penalties, and said treasurer then noted on the tax duplicate the fact that such tax, interest and penalty were paid under protest. On June 15, 1910, such treasurer, paid the $2,788.10 so collected from appellant to Peter Mellinger, trustee of said township, who, as such trustee, placed the same in the general fund of such township, and no part of such tax so levied and collected from appellant was paid to said Cincinnati, Bluffton, etc., Railroad Company. Before bringing this action, appellant presented to said Mellinger, trustee, a statement of said taxes and demanded of such trustee that he pay appellant and reimburse it for said sum so erroneously, wrongfully, excessively and illegally collected, which such trustee neglected and refused to do, and said sum with interest from June 15, 1910, is due appellant. Judgment for $3,000 is prayed.

The second paragraph differs from the first in that it seeks to recover only the penalty paid by appellant and the averments on the subject of the demand are correspondingly

changed. Such averments are in substance as follows: Said treasurer demanded of appellant that it pay the taxes, to wit, $2,534.60 levied against its property in said township, to aid in the construction of said railroad, and also demanded that it pay a penalty and interest in the sum of $263.50 which said treasurer had wrongfully, excessively and unlawfully added to said taxes. Appellant demanded of the trustee of said township said sum of $263.50 interest and penalties, and said sum is due appellant from appellee with interest thereon from June 15, 1910. Judgment is asked for $300. In other respects, the averments of the two paragraphs are substantially if not identically the same.

Appellant does not indicate whether it bases its right to recover on the common law or on some provision of the statute. We will therefore consider first whether the complaint states a cause of action under the common law.

1. "It has long been the rule in this State that there can be no recovery for taxes voluntarily paid, even though paid under protest unless there is a statute authorizing such recovery." *Durham* v. *Board, etc.* (1884), 95 Ind. 182, 183, and authorities there cited; see, also, *Board, etc.* v. *Graham* (1884), 98 Ind. 279, 280; *Board, etc.* v. *Murphy* (1885), 100 Ind. 570, 573; *Nyce* v. *Schmoll* (1907), 40 Ind. App. 555, 559, 82 N. E. 539; *Simonson* v. *Town of West Harrison* (1892), 5 Ind. App. 459, 465, 467, 32 N. E. 585.

It is not claimed by appellant that this tax was paid through mistake of fact, but the effect of its contention seems to be that the *entire tax* levied on appellant's

2. property *was void,* for the reason that the auditor in making the levy in compliance with the order of the board of commissioners fixed a per centum for raising such taxes which created a larger fund than was necessary to meet the appropriation voted, and ordered by the board of commissioners, and that appellant paid such taxes under compulsion. Appellant cites in support of its contention,

the cases of *Du Bois* v. *Board, etc.* (1894), 10 Ind. App. 347, 37 N. E. 1056; *Board, etc.* v. *Senn* (1889), 117 Ind. 410, 20 N. E. 276; and *Evansville, etc., R. Co.* v. *Hays* (1889), 118 Ind. 214, 20 N. E. 736. These cases are easily distinguishable from the case at bar. In the case of *Board, etc.* v. *Senn, supra,* the auditor increased the valuation of real estate after the proper authorities had fixed and returned such valuation and the taxpayer in that case paid his assessment and only sought to recover the excess under §5813 R. S. 1881, §6088 Burns 1908. The complaint in that case also averred that the assessment made by the auditor had been adjudged illegal and wrongful in a proper proceeding theretofore instituted. The court very properly held that such excess of taxes *was recoverable under said §5813 R. S. 1881, supra.* The holding in the case of *Du Bois* v. *Board, etc., supra,* in so far as it relates to any question here involved, is to the effect only that the fact that taxes were *voluntarily* paid, constitutes no defense to its recovery *under* §5813 R. S. 1881, §6088 Burns 1908, and the further fact that the distribution of the taxes by the county to the state and town authorities *after proper legal proceeding to recover such tax had been filed before the board of commissioners,* would not operate to defeat collection of such taxes from the county; that, *in such a case,* the county made the distribution at its risk and the taxpayer was not required to pursue the fund. The case of *Evansville, etc., R. Co.* v. *Hays,* expressly recognizes that in a suit by the taxpayer, to recover back taxes which he had paid, the rule to be applied differs from that to be applied to a suit brought by the taxing officer to recover the tax in the first instance. If we should give appellant the benefit of its contention to the extent of holding that the excess of taxes in this case was invalid, it would not help appellant, because his complaint does not proceed on the theory that such excess alone was invalid and paid under duress, but on the contrary, proceeds on the theory that the entire tax was

invalid, and avers that the protest was against the payment of the entire tax and not against the excess alone, and that the threat of the treasurer to levy and sell appellant's property was a threat to sell the property to satisfy the entire tax. There is no averment that appellant offered to pay that portion of his tax represented by a correct per centum of levy, or that the auditor threatened to levy and sell his property for such excess alone.

In the case of *Lima Tp.* v. *Jenks* (1863), 20 Ind. 301, cited by appellant as supporting its contention that its payment of this tax is shown by the averments of the complaint to have been involuntary, the court said at page 303: "An illegal tax voluntarily paid can not be recovered back, and to make the payment of such illegal demand involuntary, it must be made to appear that it was made to release the person or property of the party from detention, or to prevent a seizure of either by the other party, having apparent authority to do so, without resorting to an action at law." To the same effect see, *City of Indianapolis* v. *Vajen* (1887), 111 Ind. 240, 246, 12 N. E. 311; *Simonson* v. *Town of West Harrison, supra,* 466, 467, and authorities there cited. We should remark in this connection 3. that it is questionable whether, under the facts here pleaded, any part of the tax levied against appellant's property was without authority of law and void. In the case of *Mustard* v. *Hoppess* (1879), 69 Ind. 324, after quoting the order made by the board of commissioners in that case, which is, in effect, the same as the order made by the board in this case, in so far as it affects the question here involved, the court at page 335, said: "The amount of the appropriation was within the limits fixed by law, but it is claimed that the above orders of the board did not amount to a levying of the tax; that the board should have specified the *per centum* to be levied on the taxable property. We think there is no force in the objection. The orders sufficiently levied the tax. *It was mere*

*clerkship for the auditor to calculate the proper per centum, and place the same upon the tax duplicate."* (Our italics.) In the case of *Faris* v. *Reynolds* (1880), 70 Ind. 359, a case very similar in its facts to the one at bar, the court at page 365 said: "It is claimed that the taxes levied amount to more than the $24,400. The board ordered one per cent upon the taxable property to be placed upon the tax duplicate for the year 1874, and a like amount for the year 1875. The two per cent upon the taxable property of the township, thus levied, would, *if all were collected,* produce a sum slightly in excess of the $24,400, the amount of the taxables being a little more than enough to produce, at the two per cent, the sum of $24,400. *The tax was valid so far as was necessary to produce the sum of $24,400.* [Our italics.] The trifling excess *may not have been valid,* but the case comes clearly within the rule that payment or tender must be made of the portion of taxes that are legal, in order that an injunction will be granted to restrain the collection of such portion as may be illegal. The case is entirely different from one in which the amount of aid asked, exceeds the two per cent on the amount of taxables. Besides, the excess on each taxpayer's property is so infinitesimal as to come within the maxim, *de minimis non curat lex.*"

Section 9577 Burns 1908, Acts 1899 p. 117, makes it the duty of the county treasurer to pay over any unexpended balance in his hands arising from appropriations for railroad and other purposes named therein to the township trustee to be placed in the general funds of the township. So it seems that the authorities have recognized and that the statute *now* contemplates, that there may be a levy of taxes in cases of the kind here involved which may necessarily result in an excess fund. We do not mean to say that if an auditor, by an excessive per centum, attempted to levy and collect a tax clearly beyond the amount voted for as expressed in the order of levy made by the board of

commissioners, that a taxpayer would not, at the proper time in the proper way have a remedy against such excessive levy, but certainly not at a time and in the manner here attempted.

We next inquire whether the complaint states a cause of action within the provision of any statute of this State.

As applicable to this branch of the case we quote

4. from the case of *Durham* v. *Board, etc.* (1884), 95 Ind. 182, 183: "An elementary rule is, that one who founds a right of action on a statute must make a case within its terms. This the appellant has not done. In order to make a case within the statute, it must be shown, not only that the special assessment was made by an unauthorized person, and in an irregular manner, but also that the property upon which the taxes were laid was not justly subject to the assessment. It is not enough to show that the special assessment was irregular and unauthorized, for it must also be shown that the taxes were unjustly levied. A man can not evade the payment of taxes justly chargeable against him by showing that the wrong person made the assessment. This subject is so well and thoroughly discussed in the opinion of Niblack, J., in *Board, etc.* v. *Armstrong* [1883], 91 Ind. 528, that further discussion is unnecessary." See, also, *Board, etc.* v. *Graham* (1884), 98 Ind. 279, 280; *Board, etc.* v. *Murphy, supra,* 573, 574; *Hilgenberg* v. *Board, etc.* (1886), 107 Ind. 494, 495, 496, 8 N. E. 294; *Board, etc.* v. *First Nat. Bank* (1900), 25 Ind. App. 94, 95, 57 N. E. 728; *Simonson* v. *Town of West Harrison, supra; Nyce* v. *Schmoll, supra.*

Appellant has not cited any statute upon which he predicates his right to recover, but cites authorities which recognize §5813 R. S. 1881, §6088 Burns 1908, as being applicable to such cases. The cases relied on are so different in their facts that they can have no influence in the case at bar. The case at bar is against the township. The complaint shows no demand of, or application to the board of

county commissioners by claim or otherwise while such taxes were in the hands of the county treasurer or before the filing of the suit herein, but on the contrary, shows that when this action was begun, the taxes sought to be recovered had been paid over to the trustee of the township to be by him turned into the general fund of such township under §9577 Burns 1908, Acts 1899 p. 117. This showing defeats recovery under §6088 Burns 1908, §5813 R. S. 1881. *Cleveland, etc., R. Co.* v. *Board, etc.* (1898), 19 Ind. App. 58, 67, 68, 49 N. E. 51, and authorities there cited. This section has no application whatever to cases like the one here presented, but such section authorizes a refund out of the county treasury of taxes collected by the county treasurer *"so far as the same was assessed and paid for county taxes"*, where the proper person appears before the board of commissioners of the county where such taxes were collected and makes the proper proof as provided in such section. The authorities herein cited make it clear that the facts pleaded by appellant in his first paragraph of complaint fail to show a cause of action either under the common law or under any statute authorizing the refunding of taxes. Hence the demurrer thereto was properly sustained.

We now inquire whether the second paragraph of complaint states a cause of action. As part of the law to enforce the collection of taxes, §10321 Burns 1908,

5. Acts 1897 p. 162, provides among other things a penalty to be added to taxes when they become delinquent. Section 5476 Burns 1908, §4056 R. S. 1881, provides in effect that taxes of the character here involved are to be collected *as other taxes are collected* and in case of default of payment when due they become delinquent the same as other taxes. This provision of §5476, *supra*, carries into it the penalty provision of §10321, *supra*, above indicated and places the penalty on the same footing with the original taxes upon which it is assessed, and hence the law which prevents a recovery of the taxes paid, likewise

prevents a recovery of the penalty assessed thereon. *State,
ex rel.* v. *Laughlin* (1885), 101 Ind. 29, 35. If, how-
6. ever, it should be conceded that the penalty could
not have been collected in the first instance, appellant
must fail in this action, because no statute authorizes recov-
ery under the facts here pleaded, and the payment of the
penalty by the averments of the complaint, is not shown to
have been procured by fraud or mistake of fact or to have
been involuntary within the meaning of the law as declared
in the authorities herein cited.

Judgment affirmed.

NOTE.—Reported in 102 N. E. 865. As to recovery by taxpayer
of taxes paid, see 22 Am. Rep. 519; 45 Am. Dec. 164; 94 Am St.
425. As to the necessity and sufficiency of grounds in notice of pro-
test required as condition of recovering back payment of an unlaw-
ful tax, see 36 L. R. A. (N. S.) 476. On the right to resort to
court to recover taxes paid on erroneous or excessive assessments
without previous resort to statutory remedies, see 16 L. R. A. (N.
S.) 675. As to the recovery of an illegal tax paid "under protest",
see 8 Ann. Cas. 669; 10 Ann. Cas. 1050. See, also, under (1) 37
Cyc. 1178; (2, 4) 37 Cyc. 1188; (3) 37 Cyc. 763; (5) 37 Cyc. 1542;
(6) 37 Cyc. 1174.