COMMISSIONER OF INTERNAL REVENUE v. PATRICK CUDAHY FAMILY CO.

No. 6751.

Circuit Court of Appeals, Seventh Circuit.

March 31, 1939.

James W. Morris, Asst. Atty. Gen., and J. Louis Monarch, W. Croft Jennings, J. P. Wenchel and S. Dee Hanson, Sp. Assts. to Atty. Gen., for petitioner.

Richard H. Tyrrell and Edgar L. Wood, both of Milwaukee, Wis., for respondent.

Before SPARKS, TREANOR, and KERNER, Circuit Judges.

SPARKS, Circuit Judge.

The question here presented is: When, under section 23(c) of the Revenue Act of 1932, 26 U.S.C.A. § 23(c), do personal and real property taxes in the State of Wisconsin accrue as liabilities so as to be deductible from gross income in tax returns made on the accrual basis.

Respondent is a Wisconsin business corporation. It keeps its books on an accrual basis, for a fiscal year ending June 30 of each year. Its income tax return is due October 15 of each year. In these tax returns for the years ending June 30, 1933 and 1934, it deducted $560 for personal property taxes, and $59,715 for real property taxes assessed for the year 1932 and due and payable before February 1, 1933, and $525 for personal property taxes, and $55,862 for real property taxes assessed for the year 1933 and due and payable before February 1, 1934. The Commissioner allowed the items claimed as a deduction for the year 1934 to be deducted for the year 1933, and deducted the sum of $56,192 which represented total real and personal property taxes assessed as of May 1, 1934, for the year 1934, but dis-allowed any deduction for taxes for the year 1932. This adjustment was in accordance with a Departmental ruling to the effect that in Wisconsin, property taxes accrue on May 1 of each year, and a taxpayer is entitled to deduct such taxes only on the basis that they accrue as of that date.

The following provisions of the Wisconsin Statutes are pertinent to the question here presented:

Section 70.10. "* * * All real and personal property shall be assessed as of the first day of May in such year except as provided in section 70.13. All real property conveyed to any county by tax deed before the first Monday in August of any year shall not be included in such assessment for such year."

Section 74.01. "All taxes levied upon any tract or parcel of land and all costs, charges and interest thereon shall be a lien thereon until paid except as otherwise provided by law; * * * and all taxes levied upon any lands and all costs, charges and interest thereon shall also be a lien on all logs, wood and timber cut upon such lands subsequent to the first day of May in the year in which such taxes are levied * * *."

Section 74.62. "As between grantor and grantee of any land, when there is no express agreement as to which shall pay the taxes assessed thereon for the year in which the conveyance is made, if such land is conveyed on or before the first day of December, then the grantee shall pay the same; but if conveyed after that date, then the grantor shall pay them. * * *"

In accordance with further provisions of the statute, the tax rolls, although based on valuations as of May 1 of each year, were not actually made up until some time later, and it was not until in November that the tax rate was fixed, while the tax rolls were not delivered by the tax commissioner to the city treasurer with his warrant for the collection of the taxes until the second Monday in December of each year.

The ruling to which the Commissioner referred in making his decision not to allow the deduction here claimed was entered in response to a question relative to the deduction of real property taxes, as between buyer and seller, on certain parcels of real estate which were transferred in the State of Wisconsin as of May 1, 1930. See Cumulative Bulletin XII-1, 1933, I. T. 2694,

p. 107. It was there held that the taxes accrued on May 1, 1930, and were deductible by the vendor, and that if the amount thereof were paid by the vendee, it should be considered as a part of the cost of the property. The ruling quoted section 70.06 of the Statutes, 1929, set forth above as section 70.10, which provides that property is to be assessed as of May 1. There was no reference to section 74.62 above, which provides, in effect, that ownership as of December 1 shall determine the incidence of the tax on real property, although this provision of the statute was then in effect.

It is clear that the entire emphasis is placed by the Commissioner upon the fact of assessment, under the Wisconsin Act, as of May 1. We are of opinion that that fact alone is not controlling. "The word 'assessment,' as used in the decisions and statutes, has various meanings. Properly speaking it does not include the levy of taxes although sometimes the words 'assess,' 'assessed,' or 'assessment' are used in a statute as including both the levy and the assessment. An assessment, strictly speaking, is an official estimate of the sums which are to constitute the basis of an apportionment of a tax between the individual subjects of taxation within the district. It does not, therefore, of itself lay the charge upon either person or property, but it is a step preliminary thereto, and which is essential to the apportionment. As the word is more commonly employed, an assessment consists in the two processes of listing the persons, property, etc., to be taxed, and of estimating the sums which are to be the guide in an apportionment of the tax between them." Cooley on Taxation, 4th Ed., Vol. 3, section 1044. See also Evansville and I. R. Co. v. Hays, 118 Ind. 214, 20 N.E. 736.

We think it cannot be said that liability for the taxes accrues until the events by which that liability is fixed have occurred. This appears to be in harmony with the construction placed upon the taxing statute by the Wisconsin authorities. Article 507.1 of the Wisconsin Income Tax Regulations provides that property taxes are deductible in the year in which they are assessed, but that no accrual for such taxes may be deducted on any return for a fiscal year ending prior to November 30. This is consistent with the provisions of section 74.62 that as to real estate which is conveyed on or before December 1, the grantee shall be liable for the taxes, but if after that date, the grantor shall pay them.

The Supreme Court, in Spear v. Door County, 65 Wis. 298, 27 N.W. 60, 63, stated that this rule "goes upon the theory that the taxes are not a specific lien upon real estate until the tax-roll is completed and the taxes extended on such roll." See also Patterson v. Cappon, 125 Wis. 198, 102 N.W. 1083. It is also to be noted that if real property is conveyed to any county before August of any year, it shall not be included in the assessment for such year.

The Commissioner considers it significant that in 1929 the Wisconsin statute was amended, Laws 1929, c. 461, to provide for assessment of real property as of May 1, as personal property had been assessed prior to the amendment. Since we do not consider the fact of assessment as the controlling factor in determining when the liability for the tax accrues, and are of opinion that the Wisconsin construction of its statutes is in harmony with this interpretation, we do not agree with the Commissioner as to the significance of the amendment.

The Commissioner also contends that taxes may accrue at a date prior to the time when the amount of the tax can be definitely ascertained, citing United States v. Anderson, 269 U.S. 422, 46 S.Ct. 131, 70 L.Ed. 347, and Continental Tie & Lumber Co. v. United States, 286 U.S. 290, 52 S.Ct. 529, 76 L.Ed. 1111. We do not consider the Continental case analogous to the one here presented.

The Anderson case held that munitions profits taxes due under the Revenue Act of 1916 for that year but payable in 1917, must be deducted in the year 1916 when they accrued, rather than in 1917 when they were paid. It is clear from a reading of the opinion in that case that all the events had occurred by which the amount was fixed, and that the tax was essentially one on the income of the earlier year, 1916. The Court said [269 U.S. 422, 46 S.Ct. 134]: "In a technical legal sense it may be argued that a tax does not accrue until it has been assessed and becomes due; but it is also true that in advance of the assessment of a tax, all the events may occur which fix the amount of the tax and determine the liability of the taxpayer to pay it. In this respect, for purposes of accounting and of ascertaining true income for a given accounting period, the munitions tax here in question did not stand on

any different footing than other accrued expenses appearing on appellee's books. In the economic and bookkeeping sense with which the statute and Treasury decision were concerned, the taxes had accrued. It should be noted that section 13(d) makes no use of the words 'accrue' or 'accrual' but merely provides for a return upon the basis upon which the taxpayer's accounts are kept, if it reflects income—which is precisely the return insisted upon by the Government."

In the case at bar, prior to the close of its fiscal year on June 30, and the date by which it was required to file its income tax return, October 15, only one of the events had occurred by which the taxpayer's liability was to be ascertained, namely, the assessment as of May 1, by which only the valuation upon which it was to be taxed was fixed. The actual rate of the tax was not known until the levy in November, and the tax did not become due and payable until the following January. Under these circumstances we think it cannot be said that the liability accrued during the fiscal year as of which the tax was assessed so that the deduction had to be taken as of that year.

The decision of the Board of Tax Appeals is affirmed.