THE TOWN OF MITCHELLVILLE v. THE BOARD OF˙SUPERVIS-
ORS ET AL.

1. **Taxation**: PROPERTY OF MUNICIPAL CORPORATION : EXEMPTION.
The property of an incorporated town, when devoted entirely to the
public use, and not held for any pecuniary profit, is exempt from taxa-
tion, under section 797 of the Code; but where property is devised to
trustees, in trust for the town, with a provision that the rents and profits
shall be applied to a public purpose, it is held for pecuniary profit, in
contemplation of the statute, and is subject to taxation. Compare
*Fort Des Moines Lodge v. Polk Co.*, 56 Iowa, 34.

*Appeal from Polk Circuit Court.*

WEDNESDAY, OCTOBER 22.

THE petition states that there is situated in said town a
public park owned by the plaintiff, and that one Reichard
executed his will, and devised to the trustees of the plaintiff
lot three, of Mitchell & Reichard's subdivision of certain
lots in said town, in trust, for the use and benefit of the
plaintiff for the improvement of the public park, and provid-
ing that the property so devised should be and constitute a
perpetual fund for that purpose; the interest and revenues
derived from said property to be used and applied to ornament-
ing said park with shade and ornamental trees, and the erection
and maintenance of a fountain therein for the use and benefit of
the public; that said property has been duly conveyed to the
trustees·of the plaintiff, in trust, for the use named in the will.;
that the proceeds and income of the property are applied as in
said will and trust is provided; that, under the terms of the
will, only˙ the interest and income derived therefrom can be so
applied, and that the same is devoted entirely to public use,
and is exempt from taxation. Notwithstanding the matters
above stated, the defendants have caused said property and its
income to be taxed, and the relief asked is that the defendants
be enjoined from enforcing the payment of the taxes levied
thereon. To the petition the defendants demurred, on the

ground that it did not appear that the property was exempt from taxation. The demurrer was sustained, and the plaintiff appeals.

*Phillips & Day*, for appellants.

*T. A. Sherman*, for appellee.

SEEVERS, J.—Remembering that taxation is the rule and that exemption therefrom constitutes an exception, we have to determine the question whether the property described in the petition is exempt from taxation. The statute provides that the property of an "incorporated town  *   *   * when devoted entirely to the public use, and not held for pecuniary profit," is exempt from taxation. Code § 797. The same section provides that "all public libraries, grounds and buildings of literary and religious societies, devoted solely to the appropriate objects of these institutions   *   * *   and not leased, or otherwise used with a view to pecuniary profit," are not taxable. This provision was construed in *Fort Des Moines Lodge v. Polk County*, 56 Iowa, 34, and it was there held that a building erected by such a society with a fund not taxable was not exempt, when leased by the society, and an income derived therefrom. There is no material distinction, we think, between the two clauses of the statute above quoted. To be exempt, the property in question in this case must be devoted entirely to public use, and not held for pecuniary profit. Now, it appears that the property is not devoted to public use, but an income is derived therefrom. The condition of the trust imposed by the donor is that the property itself shall not be devoted to public use, but the profit arising therefrom shall be. It is therefore obvious that a pecuniary profit is derived from the property. It is, therefore, not exempt. It is true, the profits are devoted to public use, but the statute does not, because of this fact, provide that the property is exempt from taxation. The judgment of the circuit court is, therefore,

AFFIRMED.