## CASTLE, TRUSTEE, v. ANDERSON ET AL.

1. **Taxes:** ON PERSONALTY: WHEN THEY BECOME LIEN ON REALTY. Taxes on personal property do not become a lien on the real estate of the owner until they are *due;* (Code, § 865;) and they do not become due by the mere assessment of the property for taxation. Whether they become due at the time of the levy, or subsequently, when the books are placed in the hands of the treasurer, *quære;* but until they are due the owner of real estate may convey it free from any lien for such taxes.

*Appeal from Superior Court of Keokuk.*

WEDNESDAY, OCTOBER 6.

THE defendant, Anderson, is treasurer of Lee county, and this action was brought to enjoin the collection of certain taxes by the sale of real estate belonging to plaintiff. The relief asked was denied, and the plaintiff appeals.

*Anderson, Davis & Hagerman*, for appellant.

*R. M. Marshall*, for appellees.

SEEVERS, J.—This action was brought to enjoin the collection of taxes levied on real estate, and also on personal property. The only question to be determined on this appeal we understand to be is whether the taxes on the personal property can be charged as a lien on certain real estate. The facts are that the Comstock Stove works, on the first day of January, 1884, owned the real estate and personal property, which was on that day assessed for the purposes of taxation. On the twenty-ninth day of March, 1884, the real estate was sold and conveyed to the plaintiff. Taxes were afterwards levied on the personalty as the property of the Comstock Stove works. The precise question we are required to determine is whether the taxes on the personalty so levied were a lien on the real estate on the twenty-ninth day of March, 1884. Such a lien must be created by statute, or it does not exist. Counsel for appellant contends that under the statute no such lien exists until the taxes become due, or until the levy, so that the amount can be ascertained. On the other hand, counsel for appellees contend that a lien is created when the assessment is made. It has been held that there is no statute which provides a lien for taxes on personal property. *Jaffrey v. Anderson*, 66 Iowa, 718. When taxes assessed and levied on real estate become liens thereon we have no occasion to determine. The statute provides that "taxes upon real property are hereby made a perpetual lien thereon, against all persons,    *    *    *    and taxes due from any person upon personal property shall be a lien upon any real property owned by such person, or to which he may

acquire a title." Code, § 865. Taxes on personal property *due* from any persons are made liens on the real estate owned by him. When do such taxes become due? Certainly not until the tax-payer has the opportunity to pay them, and he cannot do so until there has been a levy, for until then the amount he may be required to pay is unknown. Whether such taxes become due at the time of the levy, or subsequently, when the books are placed in the hands of the treasurer, is immaterial in this case; for it is certain that no taxes were *due* from any person on the personal property at the time the real estate was conveyed to the plaintiff.

So much of the decree of the court below as charges the taxes levied on the personal property on the real estate is

REVERSED.