396    SUPREME COURT OF IOWA,

The First Congregational Church of Cedar Rapids v. Linn County.

# THE FIRST CONGREGATIONAL CHURCH OF CEDAR RAPIDS v. LINN COUNTY.

1. **Taxation**: EXEMPTION: CHURCH PROPERTY PURCHASED AFTER ASSESSMENT. The plaintiff, a religious corporation, in August, 1880, purchased a city lot for the purpose of erecting thereon a house of worship, and it was used for no other purpose after its purchase; but in January of the same year it was assessed to plaintiff's grantor. *Held* that it was not exempt, in the hands of plaintiff, from taxation for the year 1880, under § 797 of the Code.

*Appeal from Linn District Court.*

FRIDAY, DECEMBER 17.

ACTION involving the validity of a tax levied upon a certain town lot. There was a judgment for plaintiff. Defendant appeals.

*J. C. Davis*, for appellant.

No appearance for appellee.

BECK, J.—I. The abstract and argument fail to disclose clearly the precise nature of the action. This is unimportant, in view of the fact that the case is certified here by the court below for the decision of a question stated, the amount in controversy being less than $100. The facts upon which the question arises are these: In August, 1880, plaintiff purchased a city lot for the purpose of erecting thereon a house of worship. The lot was used, after its purchase, exclusively for objects connected with the church. The lot was assessed for taxation in January, 1880, to plaintiff's grantor. The question for decision is this: Was the lot exempt from taxation for the year 1880?

II. Land, not exceeding one section, "devoted solely to the appropriate objects" of a religious institution, is exempt

from taxation.  Code, § 797.  All property.of the state not exempt is subject to taxation each year.  Code, §§ 796, 801. The taxes are levied annually, and each assessment and levy are for the year in which they are made.  The lot in question was, without doubt, in a condition to be taxed for more than seven months of the year; being, for that time, the property of the plaintiff's grantor.  Within that time it had been assessed.  The taxes were not levied until September.  It is not necessary to inquire whether the tax was a lien from the assessment.  It is sufficient to know that for seven months of the year it was subject to taxation, and that during all that time it was subject to assessment and other proceedings preliminary to the levy of the tax for the whole year, whereby it was brought within the exercise of the taxing power.  The lot, being subject to taxation, certainly ought to pay taxes for that time.  But there are no provisions of the law under which the tax may be apportioned.  The state must lose the whole tax, or the plaintiff must pay it.  In the exercise of its power to protect its revenue the state may enforce the tax for the whole year.  The exemption from taxation, under Code, § 797, was not intended to act retrospectively, and exempt from prior taxes, or prior liability for taxes.  The provision was intended to operate prospectively, and to exempt property from future liability.  Code, § 853, has no bearing upon this case.  It simply fixes the liability of the vendor for taxes for the year after the first day of November.  *Castle v. Anderson*, 69 Iowa, 428, is not applicable to this case.  The tax in question in that case was upon personal property.  We reach the conclusion that the property in question is liable for the tax of 1880.

The judgment of the district court is

REVERSED.