INDEPENDENT SCHOOL DISTRICT OF OAKLAND, IOWA, v. GEORGE W. HEWITT, Appellant.

**Eminent Domain:** SCHOOL LANDS: *Presumptions.*   Under Code, 1873, section 1827, providing that, in case the owner refuse or neglect to convey land designated for school purposes, the same may be acquired by condemnation in the manner therein provided, a condemnation proceeding in all respects conforming to the strict requirements of such statute presumes that no more than the area of land permitted to be acquired was taken, that the owner withheld his conveyance thereof, that such taking was necessary, and that the requisite tax was voted for its purchase, and all conditions precedent to the exercise of such power were performed.

SAME.   Under Code, 1873, section 1825, providing for the taking by condemnation of land "for the location or construction of a school house or for the convenience of the school," and section 1828 that such land shall be for school purposes only, and if not so used shall revert, an appropriation of land used for a school play ground is for the convenient use of the school, and, although not used for an original building site, is not within the latter statute, and does not revert.

TAX SALE.   Under chapter 101, Acts, Seventeenth General Assembly, providing that all lands exempted from taxation, including lands of any school district shall not be affected by any sale for taxes, nor shall such sale or any conveyance thereof affect or prejudice the public right therein or confer any adverse title or interest on the purchaser, a school site cannot be sold for taxes, or title by tax sale acquired thereto, though the lien of the taxes attach before the acquisition of the property for school purposes.*

**Secondary Evidence:** DEEDS: *Foundation.*   Code, 1873, section 3666, providing that cert fied copies of the records of deeds are admissi-

---

* In this case the school district paid the tax sale price, penalties and interest, by order of the district court.—REPORTER.

ble when the original does not belong to the party desiring to use the same or is out of his control, a school district may prove title to land acquired by condemnation by such certified copies of deeds of persons through whom title is derived, when it shows that it did not possess the originals, and did not know where they were, it being in such case not presumed that the owner should have possession of such muniments of title; and this, though evidence is elicited on cross-examination tending to show that by diligent, search the party might have known where the originals were, and perhaps, by *sur-bœna ducas tecum*, could have produced them.

**Opening Up Case: DISCRETION.** Where, on conclusion of the evidence, parties consented that the trial should be resumed and argument and submission made and decree entered in vacation as of the last day of the term, and plaintiff, discovering, by argument of defendant, served on him, his omission to lay a foundation for the admission of the certified copies which proved his title, asked leave to introduce further evidence to correct the oversight, the record not showing at the time, a final submission of the case, it was not abuse of discretion to give such leave.

Distinguishing *Dunn v. Wolf*, 81 Iowa, 688.

*Appeal from Pottawattamie District Court.*—Hon. A. B. Thornell, Judge.

Monday, May 23, 1898.

ACTION to quiet title. Decree for plaintiff and defendant appeals.—*Affirmed*.

*George W. Hewitt, per se.*

*Benjamin & Preston* for appellee.

LADD, J. The plaintiff introduced certified copies of deeds, tracing the title from the government to John T. Baldwin, and of a plat duly filed by him including lots 6, 7, and 13, in block 8, in Oakland, Pottawattamie county, Iowa, and claimed title thereto by virtue of condemnation proceedings concluded by depositing the damages assessed by the appraisers with the county treasurer, February 27, 1890. The lots were assessed and taxes levied thereon in 1889, and sold for taxes December 1, 1890. On the same day the certificate was

assigned to the defendant, to whom a tax deed was executed December 21, 1893. He claims title under this deed.

I. The introduction of evidence was concluded October 2, 1896, and this entry made: "Trial of the cause is resumed and concluded, and, by agreement of the parties, this cause is to be argued and decided in vacation, and a decree to be rendered in vacation and entered of record as of the last day of this term of court, each party to have exception to all rulings and judgment of the court." The plaintiff discovered on the twelfth day of October that no foundation had been laid for the introduction of the certified copies of the deeds and plat, and on the following day filed an application to the court asking that the submission of the case be set aside and it be allowed to introduce further evidence. The attention of its attorneys had undoubtedly been called to the condition of the record by the defendant's argument served the day before. The hearing on this application occurred November 30th, and at that time the plaintiff withdrew that part of the motion asking the submission to be set aside, upon the suggestion of the defendant to the court that a final submission was conceded by the terms of the application. This record does not show that the case had been finally submitted. For this reason it is not within the rule of *Dunn v. Wolf*, 81 Iowa, 688. The evidence was necessary in order to secure a decision on the merits, and permitting its introduction only deprived the defendant of a technical advantage acquired by the evident oversight of his adversary. The application was addressed to the sound discretion of the court, and this was not abused. *Sickles v. Bank*, 81 Iowa, 408.

II. It is insisted that, when permitted to do so, the plaintiff failed to introduce evidence warranting the

use of certified copies. That these deeds were not likely to be in the possession of the officers of the district is apparent. The lots were not claimed through conveyance from the owner, but by condemnation proceedings. They formed a very inconsiderable portion of the description in the deeds of the land platted. The secretary and president of the board of directors testified that the district had neither the possession nor control of the deeds or plat, and that they did not know where they were. On cross-examination evidence was elicited tending to show that by diligent search they might have learned where the originals were, and perhaps, by *subpœna duces tecum*, could have produced them. This was unnecessary. It was shown conclusively that the deeds and plat did not belong to plaintiff and were not within its control. No more was required. Code 1873, section 3660; *McNichol, v. Wilson*, 42 Iowa, 385.

III. The board of directors of the district notified the county superintendent to condemn these lots "for school purposes according to law," December 16, 1889. It is admitted the superintendent, during 1889 and 1890, performed all the duties with reference to the condemnation proceedings required of him, and caused notice thereof to be served upon John T. Baldwin, December 17, 1889, and that the appraisers performed all their duties, and fixed the value of the land in controversy at one hundred and five dollars. This amount was forwarded to the county treasurer, in pursuance of an order made by the plaintiff's board, February 22, 1890, and deposited with the treasurer five days later. At about this time John T. Baldwin died, and John Beresheim was appointed executor of his estate, and, as such, received the money deposited with the county treasurer, May 14, 1891. It will be observed that every requirement for the condemnation of land for school

purposes was followed strictly. Code, 1873, section 1827. The appellant, however, says the petition does not allege, nor the evidence establish, the necessity thereof, or that Baldwin neglected or refused to convey, or that less than one acre was taken, or that a tax was voted to purchase the grounds. If the petition is defective in the respects claimed, this cannot be taken advantage of for the first time in this court. *Shelly v. Smith*, 97 Iowa, 259, and authorities cited. The officers of the district and the superintendent were bound to satisfy themselves that all the conditions precedent were such as to warrant these extraordinary proceedings before resorting to that method of obtaining the lots, and they are presumed to have done their duty. That they so did is confirmed by the fact that no appeal was taken, and the value fixed by the appraisers accepted by the executor. The statute does not require compliance with the conditions precedent to appear in the application to the county superintendent or to be made of record, and, where the proceedings are regular, this will be presumed, in the absence of any showing to the contrary. Code, section 4648.

IV. Lands may be condemned "for the location and construction of a school house and for the convenient use of the school." Code 1873, section 1825. Ample grounds are quite as essential for the exercise and recreation of the children as for the construction of a house. The school house had been erected on an adjoining lot, and these appear to have been taken for use as a playground for the children. If so, they were for "the convenient use of the school," and the fact that they were not for an original site furnishes no objection to their appropriation. The lots were continually used for this purpose, and there was no abandonment, within the meaning of section 1828.

V. The defendant insists his tax deed is valid because the lots were assessed, and the taxes for which

they were sold levied, before the property had been condemned to the public use. With this proposition we cannot agree. Under section 797, the lots were not exempt from taxation. The assessment and levy were valid. But chapter 101, Acts Seventeenth General Assembly provides that "all lands exempted from taxation by the provisions of this title, including lands * * * of any * * * school district," shall not be affected by any sale made for taxes, and "no assessment or taxation of such lands, nor the payment of any such taxes by any person, or the sale or conveyance for taxes of any such land, shall in any manner affect the right or title of the public therein, or prejudice the public thereto, nor shall any such payment or sale, confer upon the purchaser or person who pays such taxes any right or interest in such lands, adverse or prejudicial to the public right, title or ownership thereto." The meaning of this is clear and unequivocal. Prior to the enactment of this statute, land devoted to the public use might be sold for taxes levied before its acquirement for that purpose, and to obviate such a sale this law was enacted. It may be, as contended by the appellant, that some of the provisions are unnecessary, in the light of section 797. But it is later in point of time, and full effect must be given to all its provisions. We are asked why *Town of Mitchellville v. Board of Sup'rs,* 64 Iowa, 554, was not determined under this act instead of section 797. The construction of the latter only was involved. There the property was held not to be exempt because not devoted entirely to public use. It was held for pecuniary profit. While different classes of property are enumerated in section 2 of the chapter referred to, all are expressly included in the clause, "all lands exempted from taxation by the provisions of this title." This was the thought of the legislature in omitting

much of this act as surplusage in preparing the Code. See Code, section 1435. *First Congregational Church v. Linn County*, 70 Iowa, 396, is relied on. It is there held the property, prior to its use for religious purposes, was subject to taxation. The same is true of these lots. How these taxes may be collected cannot be determined in this action. It is sufficient that the statute prohibits collection by sale. Besides, the district court required the amount bid at the sale, with penalties and interest, and subsequent payment, with interest, to be paid by the district, and this has been done. The defendant acquired no interest whatever in the lots under his deed. The decree is affirmed.—AFFIRMED.