### STATE v. STOVALL et al.
#### No. 1486.

Court of Civil Appeals of Texas. Waco.

Oct. 25, 1934.

Rehearing Denied Dec. 6, 1934.

James V. Allred, of Austin, Neal Powers, of Tyler, and J. A. Stanford, Jr., of Austin, for the State.

M. M. Guinn, of Rusk, for appellees.

GALLAGHER, Chief Justice.

A short statement of the facts out of which this action arose will aid in a ready understanding of the issues involved. The state of Texas, on and prior to March 16, 1920, owned certain real estate situated in Cherokee county, Tex., and the same was under the control of the Texas Prison System, and was being occupied and used as a part thereof. On the date aforesaid, the state, acting by the several members of its board of prison commissioners, with the approval of the Governor and the Attorney General, conveyed said property to L. P. Featherstone for a recited consideration of $112,500, of which the sum of $28,125 was paid in cash and the remainder evidenced by three promissory notes executed by the purchaser. Said notes bore the same date as the conveyance and became due twelve, eighteen, and twenty-four months after date, respectively. Each of said notes was for the sum of $28,125, with interest from date at the rate of 6 per cent. per annum. Said conveyance recited that the purchaser had given a good and sufficient bond in the sum of $100,000, conditioned that he would pay said notes and do certain other things in connection with the property purchased, and that in consideration thereof no lien was retained on the property conveyed. Said property was, during the years 1925 to 1929, inclusive, situated within the limits of the Rusk independent school district, and taxes for school purposes were levied thereon for each of said years, none of which have been paid. Said district, on the 10th day of January, 1929, recovered a judgment against the several owners or purported owners of said property for the taxes assessed against the same for the years 1925, 1926, and 1927, respectively, in the sum of $1,631.96, and costs of suit, with foreclosure of lien on said property to secure the payment of the same. An order of sale was also awarded for the enforcement of said judgment. A writ of error was perfected from said judgment, and the same did not become final until January 9, 1930.

The State of Texas, on July 22, 1929, in the district court of Travis county, recovered judgment for said property against the owners or purported owners thereof. The Rusk independent school district was not a party to such judgment. According to the recitals therein, the trial was by the court upon issues of fact as well as law. The court in such judgment canceled the notes and bond hereinbefore described and also the deed conveying said property to Featherstone, declared said deed void and of no effect, and the property described therein to be the property of the state, and quieted its title thereto. The state was also awarded a writ of possession. Since the date of said judgment, the state has continuously used, occupied, and enjoyed said property as a part of the Rusk State Hospital.

The school district thereafter caused an order of sale to be issued on its judgment aforesaid, placed the same in the hands of appellee T. J. Stovall, Jr., a constable of said county, and had him, on the 9th day of April, 1930, levy the same upon said property and advertise such property for sale in pursuance of such levy on the first Tuesday in May, 1930.

This suit was instituted by the state on April 29, 1930, against said constable and against the several members composing the board of trustees of said independent school district to have its judgment for taxes aforesaid declared void and the existence of any lien on said property for such taxes denied, and to perpetually enjoin appellees from selling said property under said order of sale or any other process issued on said judgment. Appellant procured a temporary injunction restraining any further action by appellees during the pendency of the suit.

Appellees pleaded the judgment in favor of said school district as aforesaid, asserted that it was valid, and asked that said property be adjudged to be subject to levy and sale for the payment thereof. The school district also filed a cross-action, in which it alleged that school taxes had been duly and legally levied on said property for the years 1928 and 1929, amounting in the aggregate to the sum of $1,268.60, that said levies were made, and that the lien to secure the same had attached to said property prior to the acquisition of title thereto by the state under and by virtue of its said judgment of July 22, 1929. The school district prayed for judgment establishing its said claim, declaring the amount due thereon, foreclosing a tax lien on said property, and ordering the issuance of process to enforce the collection thereof by the sale of such property.

A trial was had before the court without a jury. The court held the judgment of July 10, 1929, in favor of the school district for taxes for the years 1925 to 1927, inclusive, as aforesaid, valid, dissolved the temporary injunction theretofore granted restraining enforcement of the same, and declined to further interfere with such enforcement. The court further ordered that the school district take nothing by its cross-action for the recovery of taxes for the years 1928 and

1929. Both parties excepted, but the state alone has appealed. Since the school district has not filed any cross-assignment of error, the judgment denying it any recovery on its cross-action is not before us for review.

## Opinion.

■■■ Appellant, by appropriate assignments and propositions, assails the action of the trial court in dissolving the temporary injunction restraining the sale of the property involved herein under appellees' order of sale, and in refusing a permanent injunction perpetuating such restraint. Appellant contends in this connection that, though real property may be charged with a lien for unpaid taxes duly and legally levied by the state or by a county, municipality, or school district, when thereafter the legal title to such property is acquired by or vests in the state, and the same is used by it for a public purpose, all subsequent proceedings to collect such tax by enforcing such lien are without effect and void. The issue of law presented by appellant's contention is apparently one of first impression in this state, but it is supported by the great weight of authority in other jurisdictions. Foster v. City of Duluth, 120 Minn. 484, 140 N. W. 129, 131, par. 2, 48 L. R. A. (N. S.) 707; State v. Locke, 29 N. M. 148, 219 P. 790, 792, par. 1, 30 A. L. R. 407, and note page 413; Reid v. State, 74 Ind. 252; State v. Maricopa County, 36 Ariz. 347, 300 P. 175; Laurel v. Weems, 100 Miss. 335, 56 So. 451, 452, 453, Ann. Cas. 1914A, 159; State v. Snohomish County, 71 Wash. 320, 128 P. 667, 670, par. 2; Smith v. Santa Monica, 162 Cal. 221, 121 P. 920, 921; Gachet v. City of New Orleans, 52 La. Ann. 813, 27 So. 348; Gasaway v. City of Seattle, 52 Wash. 444, 100 P. 991, 993 (bottom second column), 21 L. R. A. (N. S.) 68; Independent School Dist. v. Hewitt, 105 Iowa, 663, 75 N. W. 497, 498, par. 5; 26 R. C. L. p. 299, § 263, and note 2; 61 C. J. p. 945, § 1215. Since the judgment recovered by the appellee Rusk independent school district is for the collection of taxes, and the title to the property against which its judgment of foreclosure was rendered has passed to and vested in the state of Texas, and the same is now being used by it for public purposes, such property is not now subject to seizure and sale to satisfy such judgment.

The judgment of the trial court in so far as it adjudged that the state take nothing herein is reversed, and appellees are here perpetually enjoined from seizing and selling said property in satisfaction of such judgment. The judgment of the trial court denying the school district a recovery on its cross-action is not disturbed.