HENRY J. BURCHELL, JR., EXECUTOR ESTATE OF JOHN D. ADAMS, DECEASED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 92783. Promulgated January 10, 1940.

*Roland N. Tremble, C. P. A.*, for the petitioner.
*R. H. Transue, Esq.*, for the respondent.

OPINION.

VAN FOSSAN: The petitioner contends that the taxes in controversy became a lien on the real estate on September 15, 1934, the date on which, under the general law of New York, the assessment roll was delivered. That event occurred prior to the decedent's death, and hence, he asserts, the taxes are deductible from the decedent's gross income in the return filed by his executor. He construes the General Tax Laws of New York and chapter 311, Laws of 1920; of that state, governing the assessment and collection of taxes in Suffolk County, New York, as supporting his contention. We are unable to agree.

Section 1 of chapter 311 relates to the preparation of assessment rolls by the boards of assessors of the towns of Suffolk County, under the direction of the board of supervisors. Section 2 refers to the salary of the assessors. Section 3 constitutes the assessment rolls, as prepared by the assessors, the official assessment rolls for the towns and school or other districts therein. Section 4 is not material. Section 5 is as follows:

Sec. 5. *Completion of assessment roll.*—All assessments shall be made as of June first. The assessors shall complete the assessment roll on or before the first day of July of each year and shall meet for the hearing of complaints on the third Tuesday of July in each year, and in all other respects except as herein modified' shall proceed in the' completion and certification of the assessment roll as directed by the tax law.

Section 6 provides that the assessment roll shall be completed, verified and filed (with the two clerks) on or before September 1, of each year. Sections 7, 8, 9, and 10 relate to school taxes and section 11 to town taxes. Section 12 requires the supervisor of the town to complete the extension of the taxes upon the assessment roll and file it with the board of supervisors on or before December 1 of each year. "Such assessment roll shall, when the warrant is

annexed thereto, become the tax roll" of the town and school or other districts therein.

Section 13 is as follows:

Sec. 13. *Tax roll and receiver's warrant.*—On or before the first day of December in each year or such date as may be designated by a resolution of the board of supervisors, the board of supervisors of the county shall annex to the tax and assessment roll of each town a warrant under the seal of the county, signed by the chairman and clerk of the board, commanding the receiver of taxes of the town to whom the same shall be directed, to collect from the several persons and on the property named and described in the tax and assessment roll the several sums extended therein as taxes and assessments against the respective names and property, except taxes upon the shares of stock of banks and banking associations and further commanding him to pay over from time to time all moneys so collected, as follows:
[Here follow subsections 1, 2, 3, 4, and 5 prescribing the method of payment to the county treasurer of the taxes collected by the receiver of taxes]

Subsection 5 also authorizes the receiver to levy "by distress and sale in case of non-payment." It further reads as follows:

All taxes in the tax roll shall be due and payable on the date of the warrant annexed thereto and shall be payable to the receiver at any time on or prior to the succeeding tenth day of January without penalty. [Here follow penalty provisions.]

The subsequent provisions of chapter 311 are not pertinent to the issue.

In certain cases the Board has adopted the rule that taxes accrue when they become a lien on the property. See *Minnie M. Coward*, 39 B. T. A. 1158, and the cases there cited. It is not, however, a test of universal applicability.

There has been brought to our attention, and we can find, no general statute designating a specific time or act of a taxing official as establishing a lien against the property. There is no such provision in chapter 311, Laws of 1920. A later act (chapter 53, Laws of 1937, State of New York) did create a lien on the real estate "when the tax becomes due and payable", and a still later act (chapter 631, Laws of 1938, State of New York) declared that "after December first next succeeding all taxes upon real estate in the tax roll shall be due and payable and shall be and become liens on the real estate affected thereby, and shall be construed as and deemed to be charges thereon on December first of each year and not earlier * * *."

In I. T. 3328, Internal Revenue Bulletin, 1939–49–10,051, in discussing the accrual date for real property taxes in the State of New York and in New York City, the Commissioner held as follows:

In view of the foregoing, it is held that under the general laws of the State of New York, real property taxes accrue, for Federal income tax purposes, as of July 1 of each year. *It appears, however, that the procedure for tax*

collection in some villages, towns, and, cities is governed by special legislation or by charter. The principles set forth above do not necessarily apply in such cases. The determination of the accrual date of taxes, for Federal income tax purposes, in such cases will depend upon the particular circumstances involved.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

*Likewise, the charter of the city of ₁New York now under consideration provides that taxes on real estate shall be construed as and deemed to be charged on the real estate on the respective days when they become due and payable "and not earlier."* The charter specifically provides that the tax for the six months' period, January 1 to June 30, 1939, shall be due and payable on the 1st day of April, 1939. Accordingly, it is held that the taxes for such period accrued, for Federal income tax purposes, on April 1, 1939. The charter provides generally that taxes upon real estate for each fiscal year shall be due and payable in two equal installments, the first due and payable on October 1, and the second due and payable on April 1. Accordingly, it is held, with respect to the fiscal year beginning July 1, 1939, and subsequent fiscal years, that one-half of the real estate taxes accrues on October 1 and one-half accrued on April 1. [Emphasis supplied.]

The Supreme Court, in *United States* v. *Anderson*, 269 U. S. 422, stated:

\* \* \* In a technical legal sense it may be argued that a tax does not accrue until it has been assessed and becomes due; but it is also true that in advance of the assessment of a tax, all the events may occur which fix the amount of the tax and determine the liability of the taxpayer to pay it. \* \* \*

Although the quoted ruling of the Commissioner is subsequent in date to the taxable year and by its terms not controlling here, we believe the Commissioner suggests certain considerations which, in the light of the *Anderson* decision, are pertinent in the instant case. We have seen above that by section 13 of chapter 311 of the statute governing tax procedure in Suffolk County, on or before the first day of December, unless otherwise fixed by the board of supervisors of the county, the board was obliged to annex to the assessment roll a warrant, commanding collection "from the several persons and on the property named and described" in the tax and assessment roll the sums extended in such roll. The section further provided that "all taxes on the tax roll shall be due and payable on the date of the warrant annexed thereto." The annexing of the warrant was the act of finality in the tax procedure. It was, in our opinion, the event "which fix[ed] the amount of the tax and determine[d] the liability of the taxpayer to pay it." (*United States* v. *Anderson*, *supra*.) It was thus the event which fixed the date of accrual of such taxes. The warrant in the instant case was dated November 26, 1934. Petitioner's decedent died November 12, 1934. On that date the taxes had not accrued and hence were not deductible from gross income.

*Decision will be entered for the respondent.*