M. P. KLYCE, ADMINISTRATOR, ESTATE OF A. S. KLYCE, DECEASED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 90174. Promulgated January 26, 1940.

*William S. Pritchard, Esq.,* and *Winston B. McCall, Esq.,* for the petitioner.

*Stanley B. Anderson, Esq.,* for the respondent.

OPINION.

HILL: The first issue for decision in this case is whether or not petitioner is entitled to deduct from gross income for the taxable year 1934 the amount of Alabama real estate taxes paid during such year for the fiscal year begun October 1, 1932, and ended September 30, 1933. Section 23 (c) of the Revenue Act of 1934 allows the deduction of "taxes paid or accrued within the taxable year", with exceptions not material here, and we have held that under such statutory authority a taxpayer on a cash receipts and disbursements basis, as was this petitioner, is entitled to deduct the taxes "paid" within the taxable year. *Edward Hagelin*, 37 B. T. A. 8, 11.

However, respondent contends that the taxes in question "were accrued on the date of the death of A. S. Klyce; represent taxes imposed on the property and on him during his life; constituted a claim against the corpus of the estate and, even though paid by the administrator in the year 1934, are not deductible in determining the income tax liability of the estate for such year." If the taxes were *accrued* on or prior to the date of decedent's death, respondent must be sustained. *Roy J. O'Neil et al., Administrators*, 31 B. T. A. 727.

Our primary inquiry, therefore, is to determine when the taxes in controversy accrued under the laws of the State of Alabama, which imposed them. This involves consideration and interpretation of the statutes of Alabama, and suggests the question of whether or not, where the precise point has been decided by the highest court of the state, we should follow its decision.

As we pointed out in *G. M. Standifer Construction Corporation*, 30 B. T. A. 184, 186, "Local statutes are not decisive of what constitutes income, *Burnet* v. *Harmel*, 287 U. S. 103, nor what deductions may be taken, *Weiss* v. *Wiener*, 279 U. S. 333." But we must follow the state decisions respecting rules of property, *Warburton* v. *White*, 176 U. S. 484. Again we said in *Susan B. Armstrong*, 38 B. T. A. 658, 666:

It is a well recognized rule that where the question involved is the meaning of a revenue law the will of Congress controls over local law. * * * Where applicable, this principle is controlling, but when the legislative will is dependent upon facts which can be interpreted only in accordance with a state rule of property, the state rule must then prevail.

The point under consideration here does not involve the meaning of any Federal income law nor what constitutes income or an allowable deduction. The revenue act before referred to plainly allows the deduction in controversy to the taxpayer who owned the property at the time the state tax accrued. The ownership of the property is not in dispute, but only the date of accrual of the state tax. If this question can not be said to involve directly a state rule of property

it is directly related to the ownership of property and concededly must be determined under the state law. We think, therefore, a decision of the highest court of the state interpreting the state statutes and determining the date of accrual of the taxes imposed under such statutes should be followed by us in determining Federal income liability to the extent that such liability is dependent upon the date of accrual of the state tax.

The point involved in this proceeding, that is, the date of accrual of the Alabama tax, was considered at length by the Supreme Court of the State of Alabama in *Union Bank & Trust Co.* v. *Phelps* (March 15, 1934), 153 So. 644, where it was said:

Tax on the shares of appellant corporation attempted to be released or remitted was for the tax year 1932, and which was assessable as of October 1, 1931. The tax became due and payable on October 1, 1932, but, by legislative grace, the taxpayer was given until January 1, 1933, to pay the same. The tax had been levied and assessed and therefore became a fixed and ascertained amount due from the taxpayer to the state. The tax may be said to accrue when it is due and payable [citing authorities].

This court has held that the tax year commences on October the first, and ends on September the thirtieth, and taxes are due and payable on the first day of October of each year.

The taxes involved in the present case were for the tax year 1933, and under the cited decision of the Supreme Court of Alabama, did not accrue or "become a fixed and ascertained amount due from the taxpayer to the state" prior to October 1, 1933. Decedent died on June 30, 1933, and hence at the date of his death the taxes in controversy had not accrued.

Respondent's action on the first issue is reversed. The deficiency will be recomputed by allowing as a deduction the amount of taxes set out in our findings of fact above.

The second issue involves a deduction claimed by petitioner in the amount of $1,800 representing commission paid during 1934 for securing the extension of a loan for $60,000 on property of decedent's estate. Respondent prorated the amount of the commission over the period of the loan, allocating to the taxable year the sum of $15, and disallowing the balance as a deduction from gross income for that year. Respondent's determination on this point is approved. Expenses incident to securing a loan or renewal of a loan are not deductible in full when paid, irrespective of whether the taxpayer reports his income on an accrual or cash receipts and disbursements basis. Such an item should be spread ratably over the period of the loan. *Julia Stow Lovejoy*, 18 B. T. A. 1179; *Sigmund Spitzer*, 23 B. T. A. 776; *Emil W. Carlson*, 24 B. T. A. 868. And compare *Harriet B. Borland*, 27 B. T. A. 538.

*Decision will be entered under Rule 50.*