LOWELL H. CHAMBERLAIN AND GERTRUDE M. CHAMBERLAIN, HUSBAND AND WIFE, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 96410. Promulgated January 7, 1941.

*W. Z. Proctor, Esq.,* for the petitioners.
*Gene W. Reardon, Esq.,* for the respondent.

#### OPINION.

TURNER: This proceeding is brought for redetermination of a deficiency in income tax for the calendar year 1934 in the amount of $1,377.18, which arises in greater part from respondent's disallowance of the deduction claimed for taxes paid on certain real property inherited by Lowell H. Chamberlain from his father on the death of

the latter on March 14, 1933. The question at issue is whether petitioner may properly deduct real property taxes for the year 1933. paid by him in 1934 when it is shown that he did not become the owner of the property until March 14, 1933, the date of his father's death.

The facts have been stipulated and as stipulated are adopted as our findings of fact.

Petitioners are Lowell H. Chamberlain, hereinafter referred to as the petitioner, and Gertrude M. Chamberlain, husband and wife, who reside at 3520 Grand Avenue, Des Moines, Iowa. They filed a joint income tax return for the calendar year 1934.

On March 14, 1933, Davis S. Chamberlain, a resident of Des Moines, died, leaving a will by the terms of which all of his real estate which was located in Polk County, Iowa, was devised and bequeathed to his only child, the petitioner, Lowell H. Chamberlain. This will was duly admitted to probate on April 14, 1933, in the District Court of Iowa in and for Polk County and the estate of Davis S. Chamberlain was administered upon and closed and the executor discharged in that court as provided by the laws of the state.

Under the applicable Iowa laws the real estate devised to petitioner passed to him immediately on the death of his father on March 14, 1933. All claims and costs of administration were fully satisfied without recourse to this real estate.

Local city and county taxes for the year 1933 in the amount of $11,960.49 were assessed and levied against the real estate thus inherited by petitioner, in accordance with the laws of Iowa, and were paid by the petitioner in 1934. These taxes were assessed and the receipt for payment made out in the name of the decedent, Davis S. Chamberlain. They were entered by the auditor of Polk County, Iowa, upon the county tax list which was delivered to the county treasurer on or before December 31, 1933, for collection. They became due and payable on January 1, 1934, and in each instance the amount of the tax equaled the product of the assessed value of the real estate multiplied by the established tax rate.

The parties have joined issue on the question whether petitioner may deduct from his income the 1933 property taxes paid by him on realty inherited from his father on March 14, 1933. The deduction from gross income of such taxes is allowed by section 23 (c) of the Revenue Act of 1934, but under the decisions only the owner of the property on the date on which the tax accrues may avail himself of the allowance. *Carl K. Lifson, Administrator*, 36 B. T. A. 593; affd., 98 Fed. (2d) 508; *Patrick Cudahy Family Co.*, 36 B. T. A. 1147; affd., 102 Fed. (2d) 930; *First Bond & Mortgage Co.*, 27 B. T. A. 430; *Texas Coca-Cola Bottling Co.*, 30 B. T. A. 736; *California Sanitary Co., Ltd.*, 32 B. T. A. 122; *Gatens Investment Co.*, 36 B. T. A. 309. Cf.

*Commissioner* v. *Coward*, 110 Fed. (2d) 725. So much the petitioner admits and the question resolves itself into a consideration of the time at which, under Iowa law, the taxes in question accrued or became an obligation outstanding against the land.

In some cases involving the question here we have had to deal with statutes whereby the tax becomes a lien on the land on a date specified in the statute. *Gatens Investment Co.*, *supra; Theodore Plestcheeff*, 35 B. T. A. 508; affd., 100 Fed. (2d) 62. In those cases we have held that the tax became due when the lien attached. In other cases, the statute has failed to specify the date on which the lien or obligation arises and we have made an examination of the whole taxing process, seeking the time at which the tax became fixed and certain as an obligation. Thus we held in *Henry J. Burchell, Jr., Executor*, 41 B. T. A. 55; affd., 115 Fed. (2d) 681, that the accrual date of the tax was the time at which the state warrant attached. In *M. P. Klyce, Administrator*, 41 B. T. A. 194, the date on which the tax became due and payable was held to be the accrual date under Alabama law. In *Texas Coca-Cola Bottling Co.*, *supra*, we held that the date of listing the land for assessment was the time at which the taxes levied thereon accrued.

In Iowa the date on which the tax becomes a lien on the realty or an outstanding obligation against the land is not specified by statute. Under the Iowa statute all property is listed and valued by the assessor beginning on the second Monday in January of each year (secs. 7106, 7115, Iowa Code, 1935) and the rolls or lists so made must be delivered to the local boards of review on or before the first Monday of April or May, dependent on the population of the community in which the land is situated. (Sec. 7122.) These boards hold sessions for correction of assessments one month after receipt of the assessment rolls. (Sec. 7129.) County boards for the adjustment of aggregate township valuations meet each year in June (sec. 7137) and a state board to adjust aggregate county valuations holds its annual session in July. (Secs. 7140, 7141.) The levy of the taxes, once the valuation process is completed, is made by the county board of supervisors each year at their September session, at which time the applicable rate of tax is determined. (Sec. 7171.) The county auditor is charged with the preparation of the tax list from the assessment rolls and the delivery thereof to the county treasurer on or before December 31 of the year for which the tax is levied. (Secs. 7145, 7147.) Taxes thus levied are due and payable between January 1 and March 1 of the year following the year for which they are levied (sec. 7210) and become delinquent, unless payment is to be made in installments, on April 1. (Sec. 7211.) Realty taxes are made by statute a lien on the land on which they are levied (sec. 7202), but no

date is fixed for the attachment of such lien except as between vendor and purchaser, in which case it attaches on December 31 of the tax year. (Sec. 7204.)

The decisions of the Iowa Supreme Court in construing the statute speak plainly of the date, on which real property taxes arise as an obligation outstanding against the land. In *Gates* v. *Wirth*, 181 Ia. 19; 163 N. W. 215, it was held that the tenant *per autre vie* of certain land did not become obligated to pay 1913 taxes assessed against the realty when his estate terminated on August 15, 1913. The court concluded that the taxes did not arise as a claim against the land and its owner until the levy in September, when the remainderman was in possession. Accordingly, judgment was given for the life tenant in the suit of the remainderman to recover for the 1913 taxes which he had paid. The reasoning of the court is made plain in the following excerpt from its opinion:

* * * The duty to pay, in order to discharge the land, as between title owners, rests, generally speaking, on the owner of the land at the time the annual tax to be levied is actually ascertained, fixed and levied, and this obligation to pay in no event arises until the work of the board of supervisors was completed, in September. This is the first time that the specific annual tax for the year became a lien upon the property, and this is the first time that an obligation rested on anyone to discharge the tax in order to free the land from the burden.

It follows, therefore, that, inasmuch as the estate of the life tenant in this case expired before any levy of taxes had been made for that year, before the burden of taxes for that year was imposed upon the real estate in question that he was under no obligation to discharge the taxes for that year for the benefit of the remainderman. The tax in question did not come into existence as an enforcible claim against the land until the remainderman came into possession of the land, freed from the burden of the life estate. The amount of the tax was not and could not be ascertained and determined until after the expiration of the life estate. No lien for the taxes for that year rested upon the land until after the expiration of the life estate. No tax was due until after the expiration of the life estate. * * *

This decision is supported by *Iowa Wesleyan College* v. *Knight*, 207 Ia. 1238; 224 N. W. 502, wherein it was held that land which was assessed for taxation on January 1, 1924, was exempt from taxation for that year when it was purchased by an educational institution on January 11 following. The 1924 taxes, it was held, did not arise through assessment, but attached on the date for levying the tax, which date was after the exempt institution had become the owner.

The Commissioner, in G. C. M. 9793 (1931), C. B. X–2, p. 142, has ruled that the accrual date of Iowa real property taxes is January 1 of the year at which time assessment is directed. To support his ruling he cited *First Congregational Church of Cedar Rapids* v. *Linn County*, 70 Ia. 396; 30 N. W. 650, which, in a situation substantially similar to that in *Iowa Wesleyan College* v. *Knight, supra*,

reached a contrary conclusion. In this circumstance, however, we think the more recent decision of the state court must be regarded as controlling. The other cases cited by the Commissioner deal with the situation in which a vendor remains in possession of the property on January 1 of the year succeeding that for which taxes are levied and in those cases it is held that, since by statute the lien is made to arise on December 31 of the tax year, the vendor must pay the taxes which arose while he was in possession. Relying on these cases, the Commissioner concludes that the taxes became an obligation outstanding against the land on January 1 of the year for which they are levied. It is to be noted, however, that the January 1 with which these decisions deal is that of the succeeding year, the date on which the taxes are payable. They thus lend no support to the conclusion here sought by the Commissioner.

From the foregoing examination of the Iowa statutes and the decisions of the supreme court of that state, we conclude that the real property taxes in question accrued in September 1933, when they were levied by the board of supervisors and when the amount of the tax was finally determined. Petitioner was, accordingly, the owner of the land at the time they became an obligation against the land and he is entitled to a deduction from gross income for their payment. Dependent upon our conclusion on the issue just decided, the parties have stipulated the amounts proper for entry of decision and in entering the decision effect will be given to that stipulation.

*Decision will be entered on the basis of the conclusion stated and the stipulation of the parties.*