Louise **MACK**, Adele **Wegner** and **Rudy Mack, Jr.**, Plaintiffs,

v.

**UNITED STATES of America,** Defendant.

**Civ. A. No. 5672.**

United States District Court E. D. Wisconsin. March 26, 1958.

Wm. C. Dineen, Milwaukee, Wis., for plaintiffs.

Milton Carr Ferguson, U. S. Dept. of Justice, Tax Div., Washington, D. C., Edward G. Minor, U. S. Atty., Milwaukee, Wis., for defendant.

TEHAN, Chief Judge.

This is a civil action for refund of federal estate taxes paid to the United States on the net estate of Rudolph Mack, who died intestate on September 25, 1946. The plaintiffs in this action are the only heirs at law of the decedent.

In July, 1947, the administrators of decedent's estate, pursuant to notice and demand from the Collector of Internal Revenue in Milwaukee, Wisconsin, paid an estate tax of $19,467.08. As a result of a subsequent examination by an Internal Revenue agent, a tax deficiency of $3,508.91 in decedent's estate tax was reported. This deficiency arose through the addition by the Internal Revenue agent of the amount of $12,534.81 to the value of the estate, thereby increasing the net estate by that amount. The plaintiffs protested in part the proposed tax adjustment, but paid to the Collector the reported deficiency with interest, whereupon they filed a claim for the refund of the sum of $1,938.07 with interest, which was the part of the deficiency in the tax to which the plaintiffs had filed the notice of protest. Thereafter, notice was given of the disallowance of the claim for refund in full.

While several issues were originally raised by the pleadings, there remained at the time of the trial a single question of the deductibility of local real estate taxes for the year 1946 amounting to $4,725.27, paid by the decedent, or by him and his wife as joint tenants.

Pertinent to this remaining issue it has been stipulated by the parties that Wisconsin local real estate taxes for the year 1946 upon Wisconsin real estate in which Rudolph Mack died owning an interest, were extended on the tax rolls and that these tax rolls were delivered to the local treasurers with their warrants for collection on the following dates:

| | | |
|---|---|---|
| Town of Wauwatosa, Milwaukee County | – | December 31, 1946 |
| Town of Menomonee, Waukesha County | – | January 11, 1947 |
| Town of Granville, Milwaukee County | – | December 20, 1946 |
| Town of Lisbon, Waukesha County | – | December 26, 1946 |
| Village of Shorewood, Milwaukee Co. | – | December 20, 1946 |
| Town of Richfield, Washington Co. | – | December 11, 1946 |
| Town of Germantown, Washington Co. | – | December 14, 1946 |
| City of Milwaukee, Milwaukee County | – | December 16, 1946 |

Thus it appears that each of the tax rolls, together with the warrants, was delivered to the respective treasurers subsequent to September 25, 1946, the date of decedent's death.

It has also been stipulated by the parties that in a probate proceeding before the County Court of Waukesha County in the State of Wisconsin, the Wisconsin Department of Taxation advised the Public Administrator for said County that the value of the interests of the decedent in Wisconsin real estate at the time of his death would be considered by the State Department of Taxation as diminished by the amount of the lien upon said real estate for the payment of Wisconsin real estate taxes for 1946, attributable to his interest.

The single question for this Court is:

Are the 1946 local Wisconsin real estate taxes imposed on decedent's real estate deductible under Section 812(b) (4) of the Internal Revenue Code of 1939 in determining his net estate?

The pertinent statute reads:

"§ 812. Net estate.

"For the purpose of the tax the value of the net estate shall be determined, in the case of a citizen or resident of the United States by deducting from the value of the gross estate—

\*　\*　\*　\*　\*　\*

"(b) Expenses, losses, indebtedness, and taxes.

"Such amounts—

\*　\*　\*　\*　\*　\*

"(4) for unpaid mortgages upon, or any indebtedness in respect to, property where the value of decedent's interest therein, undiminished by such mortgage or indebtedness, is included in the value of the gross estate,

as are allowed by the laws of the jurisdiction, whether within or without the United States, under which the estate is being administered, but not including any income taxes upon income received after the death of the decedent, *or property taxes not accrued before his death,* or any estate, succession, legacy, or inheritance taxes. \* \* \*" 26 U.S.C.1952 ed. § 812. (Italics ours.)

The key words in this statute for the purposes of this case are "property taxes not accrued before his death." It is the plaintiffs' contention that the said real estate taxes herein accrued by operation of law on May 1, 1946, by virtue of Section 70.01 of the 1945 Wisconsin Statutes, W.S.A.

■ We view the question to be one of a determination of the time when Wisconsin real estate taxes accrue within the meaning of Wisconsin law. We read the language of Section 812(b) (4) to wit: "as are allowed by the laws of the jurisdiction, whether within or without the United States," as a directive to make a determination of the time of accrual on the basis of a particular state's statutory and decisional law. Other decisional law we have reviewed supports this interpretation. It appears that resort is had to the pertinent state law when the issue of "accrual" arises in the administration of the federal internal revenue laws. See e. g., M. P. Klyce, Administrator, 1940, 41 B.T.A. 194 (issue of date of accrual of Alabama real estate tax); Lowell H. Chamberlain, 1941, 43 B.T.A. 259 ("The question of when State property taxes accrue necessarily involves a reference to the law of the particular State involved and the decisions of its courts. Hence, it is impossible to lay down a general rule applicable to the accrual date of taxes in each and every State." G.C.M. 21373, 1939–2 C.B. 82, 83.) As a matter of fact the widespread variance in the laws of the respective forty-eight state jurisdictions would seem to render it impossible to lay down a general rule applicable to the accrual date of taxes in each and every such jurisdiction.

■ The status of Wisconsin law and the basic contentions of the parties can, we believe, be brought into sharper focus by reviewing the reactions of the General Counsel of the Bureau of Internal Rev-

enue to the relevant statutory changes and decisional laws during the past 25 to 30 years.

It appears from a memorandum of the General Counsel published in 1932 that in the case of real estate under the Wisconsin statutes the ownership of property on the date as to which such property is actually valued for assessment purposes is the "event" which determines the liability for the tax. I.T. 2633, XI-2 C.B. 77, 79 (1932). Accordingly the assessment involved having been made prior to August 1, 1929, the tax had accrued prior to the purchase of the property on August 1, 1929.

This ruling that the date of assessment was the significant "event" was reasserted in a 1933 memorandum which incidentally also recognized and gave effect to a recently amended Wisconsin statute providing for assessment of all real estate and personal property on May 1st of each year. I.T. 2694, XII-1 C.B. 107 (1933). It is therefore also relevant here to observe that as a consequence the General Counsel held that under Wisconsin law property taxes accrued as of that date May 1st, the date of assessment.

The General Counsel adhered to this position in the litigation before the United States Board of Tax Appeals and thereafter in the Circuit Court of Appeals for the Seventh Circuit in the case of Commissioner of Internal Revenue v. Patrick Cudahy Family Co., 7 Cir., 1939, 102 F.2d 930. Such principle was urged upon these Courts by the United States government, and the Court of Appeals rejected the concept that property taxes accrued as of the date of assessment and held that the assessment was only a preliminary step in the taxing process and the liability did not accrue until all the events by which the liability is fixed have occurred.

We believe it would be helpful to quote substantially from the Cudahy opinion because the defendant's contention is wholly grounded on the law as promulgated by the Seventh Circuit in this Cudahy case. That Court stated, 102 F.2d at page 932:

"It is clear that the entire emphasis is placed by the Commissioner upon the fact of assessment, under the Wisconsin Act, as of May 1. We are of opinion that that fact alone is not controlling. 'The word "assessment," as used in the decisions and statutes, has various meanings. Properly speaking it does not include the levy of taxes although sometimes the words "assess," "assessed," or "assessment" are used in a statute as including both the levy and the assessment. An assessment, strictly speaking, is an official estimate of the sums which are to constitute the basis of an apportionment of a tax between the individual subjects of taxation within the district. It does not, therefore, of itself lay the charge upon either person or property, but it is a step preliminary thereto, and which is essential to the apportionment. As the word is more commonly employed, an assessment consists in the two processes of listing the persons, property, etc., to be taxed, and of estimating the sums which are to be the guide in an apportionment of the tax between them.' Cooley on Taxation, 4th Ed., Vol. 3, section 1044. See also Evansville & I. R. Co. v. Hays, 118 Ind. 214, 20 N.E. 736.

"*We think it cannot be said that liability for the taxes accrues until the events by which that liability is fixed have occurred.* This appears to be in harmony with the construction placed upon the taxing statute by the Wisconsin authorities. Article 507.1 of the Wisconsin Income Tax Regulations provides that property taxes are deductible in the year in which they are assessed, but that no accrual for such taxes may be deducted on any return for a fiscal year ending prior to November 30. This is consistent with the provisions of section 74.62 that as to real estate which is conveyed on or be-

fore December 1, the grantee shall be liable for the taxes, but if after that date, the grantor shall pay them.

"The Supreme Court, in Spear v. Door County, 65 Wis. 298, 27 N.W. 60, 63, stated that this rule 'goes upon the theory that the taxes are not a specific lien upon real estate until the tax-roll is completed and the taxes extended on such roll.' See also Patterson v. Cappon, 125 Wis. 198, 102 N.W. 1083. It is also to be noted that if real property is conveyed to any county before August of any year, it shall not be included in the assessment for such year.

"The Commissioner considers it significant that in 1929 the Wisconsin statute was amended, Laws 1929, c. 461, to provide for assessment of real property as of May 1, as personal property had been assessed prior to the amendment. Since we do not consider the fact of assessment as the controlling factor in determining when the liability for the tax accrues, and are of opinion that the Wisconsin construction of its statutes is in harmony with this interpretation, we do not agree with the Commissioner as to the significance of the amendment." (Italics ours.)

In 1939 and some months after the Cudahy decision came down the General Counsel was called upon for an opinion as to the extent of the application of that decision and two other decisions involving other states' laws. The memorandum published in response thereto announced that the Bureau would continue to adhere to its general rule that the date of assessment was the significant date for accrual. However a specific exception was made as to matters arising under the laws of the State of Wisconsin in that the Bureau would accept the holding established by the Cudahy case. G.C.M. 21373, 1939-2 C.B. 82.

The language used was the following (page 83):

"The decision * * * in the * * * Cudahy case * * * [is] contrary to the general rule heretofore followed by the Bureau * * * that a tax on real property may accrue prior to the date a lien attaches under state law. Accordingly [it] will not be given general application but will be applied only in cases involving * * * Wisconsin real and personal property taxes."

The Bureau has continued to this day to maintain its position that matters arising under Wisconsin Laws are not controlled by its general rule and the rationale thereof but by the special rule of the Cudahy case, supra.

Here appears the appropriate time to set out the contentions of the parties. Basically, the position of the defendant, United States, is that the Cudahy case is controlling here and compels a holding by this Court that the property taxes for 1946, having not accrued prior to the death of decedent, were not deductible within the meaning of § 812(b) (4) of the Internal Revenue Code of 1939.

Plaintiffs, on the other hand, place complete reliance on § 70.01 of the Wisconsin Statutes, as amended in 1943, effective January 1, 1944. Laws of Wisconsin 1943, chapter 277, sec. 2. Their contention is that in 1943, long after the Cudahy decision of 1939, the Wisconsin Legislature so substantially modified § 70.01, particularly with the inclusion of a provision for the relation back of a lien to the date of the May 1st assessment, that as a consequence as of May 1st the Mack real estate taxes were a lien on the Mack real estate, burdened the property as of that date, and hence accrued as of May 1, 1946, within the meaning of the Internal Revenue Code.

Since it is clear that the plaintiffs do not question the correctness of the Cudahy decision as being a proper interpretation of the Wisconsin statutory law then applicable and considered by that Court, our inquiry can be limited to a consideration of the plaintiffs' contention that the Wisconsin Law has been so substantially amended as to compel a different result.

The Cudahy decision is clearly limited to an interpretation of pertinent statutory law in the light of the then available decisional law of the Wisconsin Supreme Court. The opinion specifies the provisions considered by the Court on page 931 of 102 F.2d:

"Section 70.10. ' * * * All real and personal property shall be assessed as of the first day of May in such year except as provided in section 70.13. All real property conveyed to any county by tax deed before the first Monday in August of any year shall not be included in such assessment for such year.'

"Section 74.01. 'All taxes levied upon any tract or parcel of land and all costs, charges and interest thereon shall be a lien thereon until paid except as otherwise provided by law; * * * and all taxes levied upon any lands and all costs, charges and interest thereon shall also be a lien on all logs, wood and timber cut upon such lands subsequent to the first day of May in the year in which such taxes are levied * * *.'

"Section 74.62. 'As between grantor and grantee of any land, when there is no express agreement as to which shall pay the taxes assessed thereon for the year in which the conveyance is made, if such land is conveyed on or before the first day of December, then the grantee shall pay the same; but if conveyed after that date, then the grantor shall pay them. * * *'

"In accordance with further provisions of the statute, the tax rolls, although based on valuations as of May 1 of each year, were not actually made up until some time later, and it was not until in November that the tax rate was fixed, while the tax rolls were not delivered by the tax commissioner to the city treasurer with his warrant for the collection of the taxes until the second Monday in December of each year."

It will be observed that Sec. 70.01 is not one of those enumerated nor is it anywhere else referred to in the opinion. By pointing up its absence we do not mean to suggest that a relevant statute was overlooked. Clearly, Sec. 70.01 as it then existed was in no respect material on the question before that Court. It reads:

"70.01 Taxes shall be levied, under the provisions of this chapter, upon all general property in this state except such as is exempted therefrom." Wis.Stats.1933, § 70.-01.

However, it is just as clear that when the Wisconsin Legislature substantially amended § 70.01 in 1943, it brought into being a statutory provision that was certainly relevant, if not controlling, on the point of accrual of property taxes. As amended, with the amended portions italicized § 70.01 then reads:

"Taxes shall be levied, under the provisions of this chapter, upon all general property in this state except such as is exempted therefrom. *Real estate taxes shall be deemed to be levied when the tax roll on which they are extended has been delivered to the local treasurer with his warrant for collection. When so levied such taxes shall be a lien upon the property against which they are assessed, superior to all other liens, effective as of May 1 in the year when levied, except in the case of special assessments of benefits for local improvements where the lien of such assessments shall be in force from the time as provided in section 62.16(7) (c), and except that such special assessments in cities of the first class shall be in force as provided by the charter or general laws applicable to such cities.*" Wis.Stats.1945, § 70.01.

As we read this amended statute, the relevant language expressly provides that when levied, a real estate tax shall be a lien upon the property against which it is assessed, superior to all other liens and effective as of May 1st.

As so read it impresses on real estate the same type of lien by relation back as is impressed on logs, wood and timber by virtue of statutory section 74.01 which reads in material part:

"All taxes levied upon any tract or parcel of land and all costs, charges and interest thereon shall be a lien thereon until paid except as otherwise provided by law; * * and all taxes levied upon any lands and all costs, charges and interest thereon shall also be a lien on all logs, wood and timber cut upon such lands subsequent to the first day of May in the year in which such taxes are levied * * *." Wis.Stats. 1945, § 74.01.

The right of the legislature so to do seems to be clearly recognized by the Wisconsin Supreme Court in Eline's, Inc., v. Town of Milwaukee, 1944, 245 Wis. 648, 15 N.W.2d 816. It is of interest to note that the Eline litigation arose out of a land condemnation case brought in this court. The Appellate Court for this District refused in a decision dated May 19, 1943, to pass on the question as to when the lien for property taxes attaches because of doubt as to what the law of Wisconsin was on that point. United States v. 150.29 Acres of Land, More or Less, in Milwaukee County, Wis., 7 Cir., 1943, 135 F.2d 878. The case was thereupon remanded with instructions to this Court to retain jurisdiction until the parties could litigate in the Courts of Wisconsin, or otherwise dispose of the case.

The ensuing state court litigation resulted in the Eline opinion of the Wisconsin Supreme Court, supra. While the specific holding in the case that taxes are not a specific lien upon land until extended on the tax roll and a warrant of collection issued is in accord with the defendant's position and not the plaintiffs', the rationale of the decision unmistakably points to an opposite result, where as in this case there exists in the language of section 70.01, as amended, a provision for the relation back of the lien to May 1st.

At page 652 of 245 Wis., at page 817 of 15 N.W.2d, the Supreme Court of Wisconsin stated:

"It is a circumstance of some importance that this section contains no specific direction that the lien created by the levy shall relate back to any prior date although when it desired by the same section to make subsequently levied taxes a lien upon logs, wood, and lumber cut upon the assessed lands subsequent to the 1st of May the legislature considered it necessary to expressly provide for the relation of the lien back to an earlier date."

Again on page 654 of 245 Wis., on page 818 of 15 N.W.2d, it is stated:

"We have consistently held that there is no specific lien until the tax is levied and we discover no statutory or other basis for a holding that there is a relation of the lien back to the time of assessment. We limit the holding in this case to this precise point which is the only point upon which a declaration is requested."

The tax year involved in Eline was the year 1942 and hence prior to the effective date of the amended statute, section 70.01. That statute now supplies the statutory basis for a relation of the lien back to the time of assessment. It must be held therefore that the land assessed became burdened, inchoately perhaps, but nevertheless burdened on May 1st with the lien of that year's property taxes. Since decedent was living on May 1st when the lien attached by relation back, it is specifically held that the property taxes set out in the stipulation accrued before decedent's death within the meaning of section 812(b) (4) of the Internal Revenue Code of 1939.

The interpretation and effect given by this Court to amended section 70.01 and the Eline case is consonant with the opinion issued by my brother Judge, Kenneth P. Grubb, in Van Dyke v. United States, D.C.E.D.Wis.1957, 156 F.Supp. 155 and inferentially with the holding

of the Wisconsin Supreme Court in Foscato v. Byrne, 1958, 2 Wis.2d 520, 87 N.W.2d 512.

Our opinion would be lacking in completeness if we made no reference to the last relevant opinion of the General Counsel on this matter. In 1945 he was called upon to state the effect of the amendment of section 70.01, effective January 1, 1944, and issued the following:

"Under the amendment of section 70.01 of the Wisconsin statutes, supra, the factors indicating the accrual date, for Federal income tax purposes, of Wisconsin real property taxes have been *slightly modified*. In G.C.M. 21373 * * * it was held, in effect, that Wisconsin real property taxes accrue when a lien upon the real estate attaches and that this does not occur until the tax roll is completed and the taxes are extended on such roll. The amended statute provides generally that the lien for the taxes attaches when the taxes are levied and that the taxes shall be deemed to be levied when the tax roll on which they are extended has been delivered to the local treasurer with his warrant for collection. Thus, the controlling date, the date upon which the lien attaches, is *somewhat different* under the present law.

"In view of the foregoing, it is the opinion of this office * * * the controlling date for accrual, for Federal income tax purposes, of real property taxes imposed by the State of Wisconsin is the date on which the tax roll is delivered to the local treasurer with his warrant for collection * * *." G.C.M. 24599, 1945 C.B. 110. (Italics ours.)

The words "slightly modified" and "somewhat different" have been italicized by us to give merited recognition to the classic in understatement. It passes comprehension how the General Counsel could utterly ignore the very meat of the amendment—the relation of the lien back to the date of assessment and hence a result consonant with the Bureau's general rule—and fail to test the rationale of the definitive Eline case when applied to section 70.01. We can give no weight to an opinion so patently superficial.

For a like failure of the opinion to reflect consideration of the effect of the Legislature's express language to relate the lien back to May 1st, the holding of 27th and Kilbourn Corp. v. Wis. Dept. of Taxation, Wis. Board of Tax Appeals, No. 1–1085, Nov. 17, 1950, 2 C.C.H., State Tax Reporter—Wisconsin, ¶ 200–520, is also entitled to no weight.

■ It has been stipulated, subject to the right of either party to object as to relevancy or materiality, that in a state inheritance tax proceeding before the Waukesha County Court, upon the advice of the Wisconsin Department of Taxation the Public Administrator in his computation of the inheritance tax due from the Mack estate diminished the value of the taxpayer's interest in the real estate by the amount of the real estate tax liens. It appears further from the stipulation that there being no objections, this computation was adopted by the Waukesha County Court and embodied in an order determining inheritance tax. The judgment of that Court appears to us to be of some relevance as an indication of the Department's interpretation of Wisconsin law. However, because it is a single, isolated instance and clearly not adversary in character, we have given it no weight.

The foregoing opinion shall stand as and for findings of fact and conclusions of law in accordance with the applicable rules. Counsel for the plaintiffs shall prepare an order that the estate is entitled to deduct the real estate taxes levied in 1946 and a judgment for the total amount of recovery due the plaintiffs and demanded in the complaint based on this decision and prior concession of the defendant. Both order and judgment shall be submitted to the defendant for approval as to form and computation.